THEODORE v. J. G. McCRORY CO.

(November 3, 1931. Opinion and Decree.)

Johnston Armstrong, of New Orleans, attorney for plaintiff, appellee.

W. H. Sellers, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by a customer against the proprietor of a retail store for damages for physical injuries caused by the unsafe condition of the floor of the storehouse and resulting in plaintiff striking his foot against a splinter, which penetrated his skin. He claims $300. The answer denies all charges of negligence, and, in the alternative, pleads contributory negligence, in that "instead of wearing the proper shoes, fully protecting his feet, he (plaintiff) was at the time alleged wearing upon his left foot a shoe on which there was a large circular hole directly under the ball of the foot. The said hole acted two-fold in causing plaintiff injury. First in that the edge around the hole acted as a sharp tool prying the piece of wood up from the flooring board and secondly the hole allowed the sliver of wood to pierce plaintiff's right foot."

There was judgment below in favor of plaintiff in the sum of $150, and defendant has appealed.

Plaintiff's evidence consists of his own testimony to the effect that he was a cus-

tomer in defendant's store, and that, in walking out after making his purchases, he struck his foot on a splinter about the size of a match; that he stumbled and fell and was taken to a doctor, where two small incisions were made and the splinter removed; that he was more or less · incapacitated for several weeks, and feared tetanus infection, but finally completely recovered. He is corroborated by the doctor who treated him and by an individual who saw him fall. Defendant offered no proof whatever in support of the defense made in his answer, and, in this court, in argument and in brief, relies solely upon the contention that it was necessary for plaintiff to have alleged and proven prior knowledge on the part of defendant of the defective condition of the floor. We have been referred to no authority which would apply to the situation presented by this case, and we know of none. It is very certain, having been the subject of repeated adjudication, that a store proprietor must afford his patrons a safe place in which to trade with him, and, under the facts of this case, he must be presumed to know the premises were dangerous, for a wooden floor which has so far decayed as to split up in fragments is manifestly unsafe. There is no showing that plaintiff saw the splinter before walking on it, and, as has been said, there is no testimony on the part of defendant or anybody else giving any explanation whatever of the cause of plaintiff's accident, or any reason for the presence of the splintered flooring.

Under the circumstances, we believe that defendant is liable, and are also of the opinion that the amount allowed below is correct.

For the reasons assigned, the judgment appealed from is affirmed.