HUBER ET UX. v. AMERICAN DRUG STORES

(March 7, 1932. Opinion and Decree.)
(April 4, 1932. Rehearing Refused.)
(April 25, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

Puneky & Barrios and Jas. J. Landry, of New Orleans, attorneys for plaintiffs, appellants.

Jas. G. Schillin and Jessy B. Gessner, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by Mrs. Renee Schaff-Huber, a customer against the owners of a retail drug store for damages for physical injuries said to have been sustained when her left foot came in contact with the jagged edges of a broken glass jar, which had been swept in a pile on the tile floor in front of the soda fountain counter in defendant's place of business. Mr. Huber, plaintiff's husband, joins her in the suit, seeking reimbursement for certain medical and other expenses alleged to have been incurred in connection with the injuries sustained by his wife.

The defendants denied that they were in any way at fault, and in the alternative, pleaded contributory negligence on the ground that plaintiff entered the store at the time the glass jar fell from the counter and saw an employee sweeping the glass into a pile at the edge of the counter and place the straw portion of the broom on top of the pile of glass, with the handle leaning against the counter on a 45-degree angle, and that, knowing of the presence of the glass, she was guilty of carelessness in stepping upon it.

There was judgment in favor of the defendants, dismissing the suit on the ground that the defendants were free from fault, and the plaintiff has appealed.

The record shows that on Sunday, December 22, 1929, about 4:30 o'clock p. m., plaintiffs drove in their automobile to the defendants' place of business at the corner of Tulane avenue and Rampart street, this city, for the purpose of purchasing sandwiches. The wife got out of the machine and entered the front door of the drug store and walked towards the counter, which faced her as she entered.

Prior to the time that she arrived at the store a large glass bowl, with an iron bottom, containing gum balls, fell from the counter to the tile floor and broke into pieces, scattering the gum on the floor. One of the partners of the business took a broom and began sweeping the glass into a pile. He was interrupted by being informed that he was wanted to attend to customers in a gift shop which the defendants also operated in an adjoining building, whereupon he instructed Mrs. Jaeger, one of the employees, to complete the sweeping up and removing of the debris. Mrs. Jaeger swept the glass and gum into a pile against the front of the counter, near the Rampart street end of it, where the cash register was located. She was also called upon to wait upon a customer and placed the straw part of the broom on top of the pile of glass, with the handle resting against the counter, and directed one of the boys working in the store to get a box and remove the glass from the floor.

Mrs. Jaeger had walked about 25 feet away from the glass to serve a customer,

and the boy had gone in the rear of the store to secure the box, when Mrs. Huber entered the store. As she passed along the counter, her left foot struck the jagged edges of the glass which inflicted serious and painful cuts upon it. She was given first aid treatment in the drug store and removed to her home, where she received medical attention.

The law governing the case is fully and concisely stated in the case of Farrow v. John R. Thompson Co., 137 So. 604, 605, where this court said:

"We have been referred to numerous citations of authority bearing upon the questions of the responsibility of a storekeeper, or a restaurant proprietor, for injuries due to unusual or defective conditions in the floor of the storehouse or restaurant, and we have no difficulty in finding the law to be that the owner or proprietor of' such place must exercise ordinary' care and prudence to keep the aisles, passageways, floors, and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation. Thompson Grocery Co. v. Phillips, 22 Colo. App. 428, 125 P. 563; Bloomer v. Snellenburg, 221 Pa. 25. 69 A. 1124. 21 L. R. A. (N. S.) 464; Langley v. F. W. Woolworth Co., 47 R. I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390.

"However, as we said in Hendricks v. Maison Blanche Company, 5 La. App. 410, in order 'to maintain an action by a customer against the owner of a store for apparent defects in the building, two elements must concur, viz., fault on the part of the master, and ignorance of danger on the part of the customer.'"

See, also, Norton v. Louisiana Ice & Utilities, Inc., 18 La. App. 564, 135 So. 717; Theodore v. J. G. McCrory Co., 17 La. App. 684, 137 So. 352; Fenasci v. S. H. Kress & Co., 17 La. App. 170, 134 So. 779.

Our first inquiry is whether or not the defendants were at fault. The evidence shows that the glass was swept in front of the counter, where customers were impliedly invited to walk and where they would necessarily have to go in order to be served. The defendants, as reasonable, prudent persons in the exercise of ordinary care, should have known that their customers would walk up to and alongside of the counter to be waited upon. Leaving the pile of glass in such a location without any one there to warn customers of its presence, and without an adequate guard to protect them from being injured by it, in our opinion constitutes negligence on the defendants' part.

Was the plaintiff guilty of contributory negligence in failing to see the glass and, as a result thereof, striking her foot against it?

In order for a person to be guilty of contributory negligence, he must "knowingly, or with negligent ignorance, voluntarily, and unnecessarily expose himself to it." Thompson's Commentaries on the Law of Negligence, vol. 1, p. 184.

In the case of Dennis Clements & Wife v. Louisiana Electric Light Co., 44 La. Ann. 692, 11 So. 51, 53, 16 L. R. A. 43, 32 Am. St. Rep. 348, the court said:

"Even in the presence of a known danger, to constitute contributory negligence it must be shown that the plaintiff voluntarily and unnecessarily exposed himself to it, unless it is of that character that the plaintiff must assume the risk from the very nature of the danger to which he is exposed."

In the cited case the claim was for damages for the death of an individual who was killed by contact with an electric wire. In discussing the defense of contributory negligence, the court said:

"The electric wires gave no signal of danger. Listening would not have revealed any danger. It is hidden and silent. But they are disarmed of danger, if properly

insulated. By looking one can see if there are evidences of insulation.

"If there are evidences of it, and no defects are visible after careful inspection, one whose employment brings him in close proximity to the wire, and which he has to pass, either over or under it, is not guilty of contributory negligence by coming in contact with it, unless he does it unnecessarily, and without proper precautions for his safety."

In the case of Theodore v. J. G. McCrory Co., 17 La. App. 684, 137 So. 352, this court held that the plaintiff was not guilty of contributory negligence in failing to see a large splinter, which protruded from the floor, and which stuck in his foot through a hole in the bottom of his shoe.

In the instant case plaintiff, in approaching the counter, permitted her foot to strike the broom, which hid from her view the broken glass. There was no evidence of any apparent danger. The presence of the broom was no warning of danger. She cannot be held to be guilty of negligence upon the ground that she was lacking in due care, since the contact of her foot with the broom would, under ordinary conditions, have caused her no injury. As the glass was behind the broom it was a hidden hazard of which she cannot be charged with knowledge without a showing that she had been warned of its presence. As a reasonable and prudent person she cannot be condemned for having failed to anticipate or realize that the broom hid a dangerous agency. As a customer in defendants' store, it was to be expected that she would approach the counter against which the broom rested, and in doing so she cannot be charged with contributory negligence because she permitted her foot to strike the broom, behind which was concealed the broken glass, since brooms do not ordinarily conceal broken glass or other dangerous substances. The plea of contributory negligence is untenable.

As to the quantum, it appears that Mrs. Huber's foot was severely and painfully lacerated; there being four deep cuts, three on the bottom of her foot and one on top of it. She bled profusely and it was necessary to apply adhesive bandages to stop the hemorrhaging. The doctor saw her about twenty times. She was unable to do her housework for five weeks and suffered severe pain, leaving the injured area tender and sore, but there is no permanent injury. For the physical injuries we have concluded to allow the sum of $300.

As to the husband's claim, we believe that $3 a visit for twenty visits, or $60, is adequate compensation for the medical fees. The medicines cost $4.35; domestic servant hire, five weeks at $8 a week, or $40; and shoes and stockings ruined by the cuts, $7.65. These items we allow.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the plaintiff Mrs. Renee Schaff, wife of George W. Huber, and against the defendants, the American Drug Stores, a commercial co-partnership composed of Walter Pynot and Roger L. Farnet, Jr., and the said Walter Pynot and Roger L. Farnet, Jr., individually and as partners, in solido, in the sum of $300, with legal interest from judicial demand until paid; and in favor of George W. Huber, plaintiff, and against the defendants the American Drug Stores, a commercial co-partnership composed of Walter Pynot and Roger L. Farnet, Jr., and the said Walter Pynot and Roger L. Farnet, Jr., individually and as partners, in solido, in the sum of $112, with legal interest from judicial demand, until paid, and all costs of court.