## POWELL v. L. FEIBLEMAN & CO., Inc.*
### No. 17030.

Court of Appeal of Louisiana. Orleans.

March 13, 1939.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

WESTERFIELD, Judge.

Mrs. Mildred Clotilde Franco Powell, a resident of Ocean Springs, Mississippi, brought suit against L. Feibleman & Company, Inc., claiming $30,000 damages for physical injuries sustained by her as a result of a fall which occurred on April 2nd, 1935, in the department store of defendant, when she slipped on a piece of banana peel. By agreement of counsel Sears, Roebuck & Company, a New York Corporation, was substituted as the proper party defendant.

*Rehearing denied April 10, 1939; writ of certiorari denied by Supreme Court May 29, 1939.

Defendant admits that the plaintiff fell under the circumstances alleged in her petition, but denied responsibility upon the ground that it was free from any negligence.

There was judgment below in favor of the plaintiff in the sum of $3,500 and defendant has appealed.

Mrs. Powell fell about three o'clock in the afternoon. She was assisted to her feet by one of defendant's saleswomen, Miss Gussie Bohrer, who happened to be in the vicinity. The banana peel which caused her fall was about four or five inches long. It was discolored with dark spots and had the appearance of having been removed from an overripe banana. There is no evidence as to how or when the peeling was placed on the floor.

The defendant put a number of its employees on the stand who testified to the system employed in keeping the premises clean. The head porter, Ike Garnett, and another porter by the name of Johnny Jones, testified that, during the day, their custom is to walk around and pick up trash and put it in the waste basket and that at night the floor is mopped. There were about seventy-five employees of defendant on the ground floor where the accident occurred and plaintiff's counsel points out that, with the exception of Miss Bohrer, none of these employees were called to the stand to corroborate Jones, the porter, who was assigned to that floor and who claims to have been in the habit of patrolling it constantly. We do not believe that the failure to produce these witnesses has deprived us of any information concerning the duties of the porters and our impression is that the defendant made every reasonable effort to insure the cleanliness of its premises and safety of its patrons, however, this point is not relied on with much confidence, counsel's position being, as expressed in his brief, that the "defendant must show that the banana peel, if it was banana peel, was there for such a short time that it could not have been discovered by its employees".

Our understanding of the situation is that the doctrine of res ipsa loquitur does not apply to a storekeeper whose obligation towards his customers is to use ordinary care to keep the aisles, passageways, floors and walks in a reasonably safe condition. Farrow v. John R. Thompson Company, 18 La.App. 404, 135 So. 80, 137 So. 604. No presumption of fault arises from the mere fact of injury to a customer and in a suit for damages growing out of such injury the plaintiff must show that the injury was caused by the negligence of the storekeeper or one of its employees. It must be conceded that a banana peel upon the floor of a department store is potentially dangerous to the patrons of the store, but real or constructive notice of its presence must be proven before the proprietor can be held responsible for the injury which it caused. In other words, it must appear that the proprietor or one of its employees knew that the banana peel was on the floor or that it remained there for so long a time as to amount to constructive notice, and the burden of proof rests upon plaintiff and not defendant.

In Old South Lines, Inc., v. McCuiston, 92 F.2d 439, 440, the United States Circuit Court of Appeal for the Fifth Circuit denied recovery in a similar case. There, the plaintiff was injured while a passenger in a bus when she stepped upon a banana peel near her seat. There was no explanation as to how the banana peel got on the floor, but plaintiff testified that she had noticed one of the passengers eating bananas when she first boarded the bus about nine hours before the accident. The Court in dismissing the suit, said: "It is apparent that this case is controlled by Windham v. Atlantic Coast Line R. Co., supra [5 Cir., 71 F.2d 115] unless the mere fact of the man eating bananas near the front of the bus nine hours before the accident, coupled with the presence of a piece of banana peeling on the floor at the time of the injury, was sufficient to warrant the inference by a jury of fair and reasonable men that the peeling was thrown on the floor by the elderly gentleman and remained there until appellee slipped on it. Such an inference would be the result of mere speculation, and not a logical conclusion from any fact or facts in evidence. While the man was seen eating bananas, no one saw him throw the peeling on the floor, or, in fact, saw the peeling. A fact once shown to exist is ordinarily presumed to continue until the contrary appears, but obviously this presumption has no application to the activity of a man eating bananas. Liability cannot be imposed upon a carrier by a succession of inferences on an inference, as by inferring, first, that the banana was peeled in the bus; second, that the peeling was thrown on the floor; third, that it

was removed by some unknown agency to the rear of the coach; and, fourth, that it remained there until appellee stepped on it. Much speculation might be indulged as to what the elderly gentleman did with the peeling of the banana he was eating, but one man's guess is as good as another's."

In Casale v. Public Service Co-Ordinated Transport, 1932, 160 A. 326, 10 N.J. Misc. 611, where a passenger in a bus slipped and fell because of the presence of banana peeling on the floor of the bus, recovery was also denied. In that case the banana peel had been seen lying on the floor by another passenger before the accident happened. The Court said:

"Upon these facts we think the case is controlled by Proud v. Philadelphia & Reading R. Company, 64 N.J.Law, 702, 46 A. 710, 50 L.R.A. 468, and Hunter v. Public Service Railway Company, 105 N.J. Law, 300, 144 A. 305. There was no proof of knowledge in the driver of the presence of the peel on the floor, nor was there proof that it had been there for such a length of time as to impute notice to the driver.

"The Company is not required to keep up a continuous inspection."

In Thomas v. J. Samuels & Bro., Inc., 1926, 47 R.I. 206, 132 A. 8, 9, suit was filed against a department store because of injuries sustained by a customer due to a fall caused by a banana peel on the floor of a passenger elevator. Recovery was denied, the court saying:

"Plaintiff relies upon the case of Anjou v. Boston Elevated Railway Company, 208 Mass. 273, 94 N.E. 386, 21 Ann.Cas. 1143, urging that here, as there, were circumstances from which a jury might infer that the peel had been on the floor a 'considerable time.' In De Velin v. Swanson (R.I.) 72 A. 388, a verdict was directed for defendant where there was no evidence that the peel had been on the floor long enough for notice to have been implied. The case does not show how long the peel had been on the floor. The Anjou Case, as authority that the jury may conclude from color and appearance that the skin had been some time on the floor, is distinguished in a recent Massachusetts opinion prepared by the same justice. O'Neill v. Boston Elevated Railway Company, 248 Mass. 362, 142 N.E. 904, holds in reference to an apple core that its color furnishes no evidence as to the

length of time it has been there, and cites with approval the earlier case of Goddard v. Boston & Maine Railroad, 179 Mass. 52, 60 N.E. 486, wherein Holmes, C. J., approving the direction of a verdict in the lower court, said:

" 'The banana skin upon which the plaintiff slipped and which caused him to slip may have been dropped within a minute by one of the persons who was leaving the train. It is unnecessary to go further to decide the case.' * * *

"Without evidence or legitimate inference showing that the peel had been on the floor longer than the time required for the elevator to travel from the fifth to the fourth floor, there was practically no evidence as to how long the danger had existed."

In Great Atlantic & Pacific Tea Company v. Logan, Tex.Civ.App.1930, 33 S.W. 2d 470, 471, the Court said: "We find no evidence that the defendant knew of the presence of the banana peel at the place where the plaintiff stepped upon the same and fell, nor is there any evidence that the peeling lay in that position for such a length of time that it was the duty of the defendant, in the exercise of ordinary care, to know of its presence and remove it. There is no showing that it had either actual or constructive notice of the presence on the floor of the banana peel prior to plaintiff's slipping and falling. Only upon such showing, and in accordance with plaintiff's pleadings, could she impose upon the defendant liability for the injuries sustained."

In Theodore v. J. G. McCrory Company, 17 La.App. 684, 137 So. 352, a customer, whose foot was pierced by a splintered floor, was permitted to recover against the proprietor because of the duty of a storekeeper to keep his premises in a reasonably safe condition and "he must be presumed to know the premises were dangerous, for a wooden floor which has so far decayed as to split up in fragments is manifestly unsafe".

In Ransom v. Kreeger Store, Inc., La. App., 158 So. 600, plaintiff fell in a poorly lighted aisle of defendant's clothing store, because of a wet spot on the floor. Recovery was allowed upon the ground that the defendant was negligent in failing to have the wet spot barricaded or guarded so as to warn customers of the danger, it appearing that the wetness of the floor was caused by a scrub woman who had

failed to properly mop it up after cleaning the floor.

In Bell v. Feibleman & Co., Inc., 164 So. 273, 274, this Court held as appears from the following syllabus: "Storekeeper is not the guarantor of safety of his patrons. He must use ordinary care to maintain aisles and passageways in reasonably safe condition."

In Redon et ux. v. Standard Accident Insurance Company of Detroit, Michigan, et al., La.App., 161 So. 762, plaintiff slipped and fell because of a grease spot on the floor, the presence of which was held to be due to defendant's negligence.

In Huber v. American Drug Stores, 19 La.App. 430, 140 So. 120, plaintiff was injured when her left foot came in contact with the jagged edges of a broken glass jar which had been swept in a pile on the tile floor in front of the soda water fountain in defendant's place of business. This Court held that her injuries were due to the negligence of one of the employees of the storekeeper. A large glass jar had fallen from the counter to the floor just before the accident and had been swept into a pile by an employee who was unexpectedly called to wait upon a customer before the broken glass had been removed.

 We know of no case in which the proprietor of a store has been held liable for accidental injury to a customer without proof of negligence based upon some act of commission or omission. In this case the plaintiff was seriously injured, as is reflected by the size of the judgment below, but there is no proof that her unfortunate accident was caused by the fault of the defendant or any of its employees. The banana peel was undoubtedly lying upon the floor prior to plaintiff slipping upon it, but we do not know how long it was there nor how it got there. It may have been dropped by another customer a few minutes before Mrs. Powell reached the spot and again, it may have remained there several hours. It is possible that it was on the floor a sufficient length of time to create presumptive notice of its presence so that the failure to remove it was negligence for which this plaintiff might recover, but of that we have no proof and its mere presence upon the floor is not sufficient to cast upon the defendant the burden of showing how and when the banana peel got there. As we have said, the defendant seems to have exercised rea-

sonable care to keep the premises in a safe condition for its customers. In the absence of any showing of negligence plaintiff's suit must fail.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendant dismissing plaintiff's suit at her cost.

Reversed.