**GREEVES v. S. H. KRESS & CO.**

No. 17322.

Court of Appeal of Louisiana. Orleans.
Oct. 21, 1940.

Lazarus, Weil & Lazarus, of New Orleans, for appellant.

Jos. M. Jones, A. J. Waechter, Jr., and Wm. B. Dreux, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Miss Cina Greeves was injured on March 30th, 1938, as the result of a fall alleged to have been caused by the unsafe and slippery condition of the floors of the retail store operated by S. H. Kress & Company, in Canal Street, in the City of New Orleans. She brought this suit against Kress & Company, claiming $5,175 as damages for physical injuries she alleged she suffered. The defendant denied responsibility upon the ground that the floors of its premises were kept in a safe condition and that, at the time of the plaintiff's alleged fall, the floor "was not slippery or in anywise dangerous to walk upon".

There was judgment below in favor of defendant dismissing plaintiff's suit, and she has appealed.

The law with respect to the obligation of storekeepers is, as it has often been stated to be by this and other appellate courts, to the effect that the proprietor "must exercise ordinary care and prudence to keep the aisles, passageways, floors, and walks in a reasonably safe condition for his customers who are on the premises by his implied invitation. Thompson Grocery Company v. Phillips, 22 Colo.App. 428, 125 P. 563; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.(N.S.) 464; Langley v. F. W. Woolworth Company, 47 R.I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Company, 111 La. 73, 35 So. 390." Farrow v. John R. Thompson Company, 18 La.App. 404, 135 So. 80, 137 So. 604, 605.

The law, however, is not questioned and both counsel concede that only a question of fact is involved. Able counsel for the plaintiff and appellant frankly admit the force of the rule to the effect that the judgments of trial courts, based upon questions of fact, will not be disturbed unless manifestly erroneous. However, this rule, as counsel says, is "not an inexorable one" and, we have, on occasion, reversed the factual findings of the trial court when

they appear to us to be irreconcilable with the evidence as it appears in the transcript. Seither et al. v. Poter et al., La.App., 194 So. 467; Burnette v. Toebelman, La.App., 195 So. 135; Ellis v. Kolb et al., La.App., 196 So. 89, are recent examples cited by counsel to which many others could be added.

Plaintiff, Miss Greeves, at the time of the accident, was sixty-five years of age and wore dark glasses due to some eye trouble from which she was suffering. She entered defendant's store, accompanied by a friend, Mrs. John H. Webb. She fell in the main aisle opposite the hosiery counter and pulled Mrs. Webb, who was holding her by the arm, down with her. Miss Greeves testified that she slipped on the floor because of the presence of oil or wax. Mrs. Webb testified that the floor was very slippery and that it had been greased or waxed, some of which grease or wax attached to Miss Greeves' dress, which she later removed with a knife; that there was a streak on the floor, about a foot and a half long at the spot where plaintiff fell, and that the back of Miss Greeves' heel had a thick gum on it, and this she knew, because she had cleaned the shoes.

Defendant's Assistant Manager, James Schupp, testified that he inspects the floors every morning to be sure there are no foreign substances on them and that the floors are regularly swept by three porters, who are continually going through the aisles to remove whatever dirt may accumulate during the day; Miss Josephine Hahn, Assistant Floor Manager, said that one of her duties was to inspect the floors at frequent intervals during the day; that she was told that plaintiff had fallen in one of the aisles, and that she went to the scene of the accident where, after an examination, she could find nothing on the floor which could have caused Miss Greeves to slip, there being no oil or grease. When asked about the mark which was said to have been caused by plaintiff's foot slipping across the floor, she stated that there was no mark there. Miss Patricia Powers, an employee of the defendant, testified that she helped plaintiff to her feet and examined the floor at the spot where she fell and found it to be in perfect condition, dry and without any oil or grease. Mrs. Webb, in her testimony, said that as plaintiff fell, one of the sales-ladies, whom she identified in the court-room as Miss Patricia Powers, declared that the floor was slippery and that the employees would slip and would be liable to slip several times a day if they were not unusually careful. Counsel for appellant contends that this statement was not denied by Miss Powers while testifying as a witness, but we find that she did deny it in general terms in response to a question from defendant's counsel, when she said that she had never heard of anybody slipping on the floor. She was not interrogated specifically by either counsel with reference to the statement attributed to her by Mrs. Webb, consequently, we must accept her general denial of any knowledge of anyone falling as her testimony on the subject for whatever it is worth. Leo S. Kolwe, "head stock man" of defendant, said that he had charge of cleaning the floors and that he used, for that purpose, a preparation called "Mycosheen" and that his invariable practice was to apply this substance every four or five weeks and always on a Saturday, thus allowing it to dry during the intervening Sunday. Arthur McAuley, a representative of the manufacturer of Mycosheen, testified that he was not familiar with its chemical composition, but that it penetrated the floor and that within forty-eight hours after its application, it had been completely absorbed. He also stated that Mycosheen was in use by approximately sixteen thousand business houses throughout the country and that its cost was much greater than ordinary preparations used upon the floors of stores. It appears, however, that Mycosheen was not used in any store of New Orleans other than that of the defendant, a circumstance which counsel for the plaintiff makes much of.

After all is said and done, the crucial question is whether the floors of the defendant's store, at the time the plaintiff fell, were safe for the use of customers without subjecting them to the danger of injury by slipping and falling. The contention of the plaintiff is that the floor was greasy and slippery and that of the defendant to the contrary. On behalf of the plaintiff, we have two witnesses, the plaintiff herself and her companion, Mrs. Webb, both of whom are positive that the floor was slippery. Defendant's witnesses, James Schupp, Miss Josephine Hahn and Miss Patricia Powers, testified that the floor was not slippery, but dry and safe.

Counsel invokes the familiar rule to the effect that positive testimony must

outweigh negative testimony, citing Jones' Commentaries on Evidence, Vol. 5, Sec. 898, at pages 397 et seq. to the following effect:

" * * * It is a general rule of evidence that, all other things being equal, affirmative testimony is stronger than negative; in other words, that 'the testimony of a credible witness, that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who, with the same opportunities, testifies that he did not hear or see the same thing at the same time and place.' The reason for this rule is that the witness who testifies to a negative may have forgotten what actually occurred, while it is impossible to remember what never existed.

" * * *

" * * * Wherever it can be perceived that a positive witness is guilty of perjury unless his statement is true, while a negative witness may be honestly mistaken, the issue should be found in favor of the former if the witnesses are of equal credibility. Where two witnesses directly contradict each other, and the veracity of neither is impeached, the presumption of truth is in favor of the witness who swears affirmatively. So the positive testimony of a single witness is entitled to more weight than that of several witnesses, equally credible, who testify negatively or to collateral circumstances, merely persuasive in their character, from which a negative may be inferred."

But the testimony of the defendant's witnesses is not negative. The testimony of plaintiff and her witness in saying that the floor was slippery and that there was oil or grease on it, is no more positive than is the statement of the defendant's witnesses to the effect that the floor was not slippery and did not contain oil or grease. The authority relied upon by counsel does not sustain his position, for it is there stated that "the testimony of a credible witness, that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who, with the same opportunities, testifies that he did not hear or see the same thing at the same time and place", but no such contrasting evidence is present in this case. Defendant's witnesses did not say that they did not see any oil or grease on the floor, as would have been the case if their testimony had been negative, but, on the contrary, they said that there was no oil or grease there.

In Franklin v. New Orleans Public Service, Inc., La.App., 187 So. 126, 130, we said: "It is quite true that more weight should be given to affirmative testimony,—where one witness, for instance, says that he saw something and another says that he did not see it, great weight should be given to the affirmative statement of the first. But here the witnesses on behalf of plaintiff state that the bus moved and the witnesses on behalf of defendant state that it did not move. We do not see that the testimony on behalf of defendant is negative merely because its witnesses deny that something happened."

In Cado et al. v. Many, La.App., 180 So. 185, 186, after quoting the criticism of Mr. Wigmore on the negative testimony rule, we said with reference to the evidence under consideration: "But we do not view the testimony tendered by defendant as negative. The witness relied upon states: 'I did not have any packages at all.' It is this testimony which counsel for plaintiffs characterizes as negative because it contains the word 'not.' That is not our understanding of negative testimony. If 'A' says that he saw something and 'B' says that he did not see it, then obviously, 'B's' statement is negative because the positive view by one person is clearly entitled to more weight than the statement by the other merely that he did not see the thing which the first positively saw. But, if 'A' says that 'B' had a package in his hand and 'B' says he did not have a package, then we do not see that 'B's' statement is negative in the sense contemplated by the rule of evidence referred to."

See, also, Von Eye v. Byrnes, 124 La. 769, 50 So. 708.

There is testimony in the record to the effect that between twenty-five and forty thousand people entered defendant's store daily. We are told by counsel for the defendant that this is an exaggeration and that the witness giving this evidence confused the number of customers with the number of purchases. Be that as it may, thousands of people passed over the floors of the defendant's store, without slipping, between the time of the last application of Mycosheen and the day of the accident. This is a circumstance, by no means conclusive, but it must, nevertheless, be considered in determining the question of fact involving the condition of the floor. There

is a photograph in evidence, taken one year after the accident and there is testimony to the effect that the floors were in the same condition, at the time the plaintiff fell, as they appear in the photograph. This photograph, however, was taken too long after the accident to be of any probative value and will not be considered by us.

 Considering the testimony as a whole, we are of opinion that the case is not one which may be said to fall within the exception to the rule concerning the factual findings of trial courts, consequently, and

For the reasons assigned the judgment appealed from is affirmed.

Judgment affirmed.