Mrs. Eulice Hays brings this damage suit for $7,806, alleging that she received certain injuries as a result of slipping down while walking through the men's furnishing department of the Maison Blanche Company store on November 18, 1939. The suit is directed against Maison Blanche Company and its liability insurance carrier, New Amsterdam Casualty Company. In article 4 of the petition the negligence which plaintiff imputes to Maison Blanche Company is set out as follows: "That your petitioner is informed, believes and so charges that the floor on which she fell contained some foreign matter, or soap which was negligently left on the floor by the co-defendant, Maison Blanche Company."
The defendants filed their answer, denying that there was any foreign matter or soap on the floor as alleged by plaintiff, or that Maison Blanche Company was negligent in any way. Defendants then set up and plead, in the alternative, contributory negligence on the part of plaintiff. *Page 226 
The matter went to trial on its merits in the court below on the above issues and there was judgment in favor of defendants dismissing the suit. Plaintiff has appealed.
Mrs. Hays fell at about 1 o'clock in the afternoon on the date alleged. She stated that she entered into the store of Maison Blanche Company and after paying a bill she proceeded to the men's furnishing department for the purpose of purchasing a bathrobe, and that after examining some robes which were on display she turned and started to walk down the aisle and had taken but a few steps when she slipped and fell. Regarding her fall, she testified as follows: "Well, I stepped into something, I don't know what it was, but I started and I thought I was going to fall on my face, it looked like my feet were going from under me, — I had on my glasses, — and I tried to right myself, and as I did, my feet seemed like I was on roller skates, and I fell."
Mrs. Hays stated that she fell upon her back, slightly toward her left side and that she was unable to arise and had to be assisted by some of the employees of the store; that after being picked up from the floor she was placed in a rolling-chair and brought to the first aid department of the store and was later conveyed to the Charity Hospital of New Orleans in one of the automobiles of Maison Blanche Company.
Plaintiff testified that due to her injuries received in the fall she was unable to examine the floor to ascertain what caused the accident. She states that about a month after the accident she made an inspection of the dress which she had worn at the time of her fall and observed that there were "streaks all around on the shoulder, and it looked like it was grease". Plaintiff made no examination of the floor after the accident and could not testify that there was any grease located thereon at about the spot where she fell, but she stated that when she discovered the condition of her dress she concluded that her fall must have been occasioned by grease having been located upon the floor of the store. The flooring in the men's furnishing department of this store is constructed of marble. A number of employees of Maison Blanche Company testified as to the system used in keeping the floors of the store clean. The head porter testified that there were two porters kept on duty on the main floor on which the men's furnishing department is located, throughout the day to keep the premises clean and clear of trash and debris. According to custom the porters would make tours throughout the store continuously during the day. The marble floor is scrubbed once each week, on Saturday night, when it is given a thorough and general cleaning, and hot water and detergent powder, which is a preparation used for cleansing marble floors, are employed in the cleaning process. It was testified to that the powder does not render the floor slippery as it does not contain soap in any form. There is no evidence in the record tending to show that there was any grease, soap or other matter on the floor at the spot where Mrs. Hays fell.
[1] Counsel for plaintiff contend that the law imposes upon a storekeeper the duty of providing a safe place for the use of his customers in their trading with him, and that the defendants are liable to plaintiff for the damages suffered by her in her fall, under the provisions of Articles 670 and 2322
of the Civil Code. Neither of said articles have any bearing on the proposition before us; both of the cited articles pertain to the duties of an owner to keep his buildings in repair. Certainly these articles would have no applicability in a case such as this, where the defendant is charged with having permitted a foreign substance to remain on the floor of his store.
Counsel also cite the cases of Grigsby v. Morgan Lindsay et al., La. App., 148 So. 506; Thompson Grocery Co. v. Phillips,22 Colo. App. 428, 125 P. 563; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A., N.S., 464; Langley v. F. W. Woolworth Co., 47 R.I. 165, 131 A. 194; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390; Redon v. Standard Acc. Ins. Co. of Detroit et al., La. App., 161 So. 762; Ransom v. Kreeger Store, Inc., et al., La. App., 158 So. 600; Theodore v. J. G. McCrory Co., 17 La. App. 684, 137 So. 352. None of the cited cases have any bearing on the matter under consideration and are inapposite. For instance, in the case of Grigsby v. Morgan Lindsay, plaintiff *Page 227 
stepped into a hole between a ventilator and the floor causing her to fall. The evidence showed that the ventilator was not placed flush with the floor, creating a hazardous condition in the floor itself.
In Theodore v. J. G. McCrory Co., a customer's foot was pierced by a splintered floor. The plaintiff was permitted to recover against the store proprietor because the court found that the storekeeper was derelict in his duty of keeping his premises in a reasonably safe condition and that "he must be presumed to know the premises were dangerous, for a wooden floor which has so far decayed as to splinter up in fragments is manifestly unsafe".
The plaintiff in Redon v. Standard Acc. Ins. Co. of Detroit, slipped upon a wooden floor. The evidence in that case showed that the floors were never scrubbed but were swept each morning, and that sawdust containing an oily substance was spread upon the floor. Oil had accumulated at the particular spot where plaintiff fell, and the court held that this hazardous condition was occasioned through defendant's negligence.
Ransom v. Kreeger Store, Inc., involved the falling of a customer in a poorly lighted aisle of the clothing store of defendant because of a wet spot existing on the floor. Recovery was allowed plaintiff based upon the defendant's negligence in failing to have the wet spot barricaded or guarded so as to warn customers of the hazardous condition of the floor, it appearing that the wetness of the floor was caused through the negligence of a scrub woman who had failed to properly mop it after it was cleaned.
In Lawson v. Shreveport Waterworks Co., the plaintiff was injured through the collapse of a small bridge erected by the defendant over a canal or ditch.
Counsel for plaintiff also cite Farrow v. John R. Thompson Co., 18 La. App. 404, 137 So. 604. In that case, which involved a proposition similar to the one under consideration here, a customer claimed that she slipped and fell on washing powder located on a restaurant floor. The evidence showed that there was no powder on the floor at the time of the accident and recovery was denied plaintiff.
[2] The law is well settled that the doctrine of res ipsa loquitur does not apply to a storekeeper, and his obligation to his customers and invitees is to use ordinary care to keep the aisles, passageways and floors of his premises in a reasonably safe condition. Powell v. Feibleman Co., Inc., La. App., 187 So. 130; Bartell v. Serio, La. App., 180 So. 460; Battles v. Wellan, La. App., 195 So. 663; Greeves v. S. H. Kress Co., La. App., 198 So. 171; Lawson v. D. H. Holmes Co., La. App., 200 So. 163; Joynes v. Valloft Dreaux, Inc., La. App.,1 So.2d 108; Relf v. Aetna Casualty Surety Co., La. App.,1 So.2d 345.
[3] In the case before us there is no proof that there was any grease, soap, water or other foreign substance on the floor at the spot where plaintiff fell. Several employees of Maison Blanche Company testified that immediately after the accident they made an examination of the floor but did not discover anything thereon which might have caused plaintiff to fall. The mere fact that there were greasy streaks upon the shoulder and back of the dress which plaintiff had worn is not proof that there was grease upon the floor of the store when she fell. It may be that the stains on her dress resulted from her contact with some greasy object after the occurrence of the accident. Soon after her fall she was conveyed in a wheel chair to the first aid department of the store, was later taken in an automobile to the Charity Hospital, and after her discharge from the hospital she was transported to her home in Tangipahoa Parish, which is some distance from New Orleans. It is highly possible that her dress became stained after the accident.
We are unaware of any case in which the operator of a store has been held liable for accidental injuries to a customer without proof of negligence based on some act of commission or omission on the part of the store operator. Plaintiff has not made out her case, as there is no proof in the record even remotely indicating that there was any foreign substance located upon the floor such as would have caused her unfortunate *Page 228 
accident. There is nothing tending in the least degree to show that Maison Blanche Company was guilty of not using ordinary care to keep its premises in a reasonably safe condition for its customers. In the absence of any showing of negligence by plaintiff her demands must be denied.
For the reasons assigned, the judgment appealed from is
Affirmed.