REID, Judge.
Plaintiff, Mrs. Curtis L. Gammill, brought this suit to recover damages for personal injuries sustained when she slipped and fell on the floor of the Delmont Village J. C. Penny Store, Baton Rouge, Louisiana, on July 3, 1959. Plaintiff Curtis L. Gammill, her husband, seeks to recover the medical expenses resulting from the accident and certain other damages to the community. The plaintiffs do not allege Mrs. Gammill tripped or slipped on any foreign substance which was dropped or thrown on the floor. Instead, the plaintiffs seek to establish liability on the part of the defendants on the ground the floor was generally slippery at the time of Mrs. Gammill’s fall and further that it had been slippery for a considerable period of time prior thereto and the slipperiness of the floor was known to employees of the store. Plaintiffs prosecuted this action against J. C. Penny Store and its liability insurer, The Travelers Insurance Company and from a judgment dismissing plaintiffs’ action, plaintiffs prosecute this appeal.
The plaintiff introduced the testimony of several witnesses to the effect they considered the floors of the defendant’s establishment to be slippery. On the other hand, the defendant showed that during the past seven years approximately 3,000,000 persons passed through the aisles of the store and the total number of unexplained slip-downs (excluding tripping and resultant fall cases) was fourteen. From this it will be seen fewer than one in 200,000 patrons of this store have slipped in the past. Additionally, the architect who designed the building in question testified with respect to the floors and stated they were constructed of asphalt tile and this-tile afforded a greater degree of surface traction than is afforded with standard' vinyl tile. It was established the defendant company used a product known as “Sole Grip” on its floors which is used by approximately 95% of the major businesses-in the United States having tile floors and in addition to its use as a cleaning agent this product increases the traction on tile floors. It was established “Sole Grip” had been used on the floor in question one week before the occurrence of the fall herein sued upon. There is no evidence to suggest this product was not properly applied. On the contrary it appeared from the record the employees of the store had made every effort to insure its floor would be safe for its patrons.
Mrs. Gammill walked from one of the store aisles into another aisle which ran perpendicular to the first. The fall occurred just as the plaintiff attempted to turn left.
This case is similar to Meyerer v. S. H. Kress Co., et al., decided by this Court in 1956 and reported in 89 So.2d 475. In that case we reviewed the jurisprudence on eases involving slipping and falling in public establishments. We quoted from Peters v. Great Atlantic & Pacific Tea Co., La.App. 72 So.2d 562, 564, as follows:
“Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring *96 persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App. 1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App. 1940, 198 So. 171; Bartell v. Serio, La.App. 1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
“He must exercise the degree of care that would be exercised by any ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So. 2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store ■or upon the floor unless the object was •dangerous and allowed to remain a source of danger for a longer period •of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keep■er whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer. See: Bartell v. Serio, La.App.1938, 180 So. 460; Powell v. L. Feibleman & Co., Inc., La.App.1939, 187 So. 130; Battles v. Wellan, La.App.1940, 195 So. 663; Greeves v. S. H. Kress & Co., La.App. 1940, 198 So. 171; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App. 1941, 1 So.2d 345; Hays v. Maison Blanche Co., La.App.1947, 30 So.2d 225.”
The Trial Court did not assign written reasons for judgment but decided for the defendant from the bench. After reviewing the facts in this record we conclude there was no error in the judgment appealed from and the same is hereby affirmed.
Judgment affirmed.