GLADNEY, Judge.
This is an action ex delicto by Mrs. Elsie Burson and her husband W. R. Burson resulting from a fall by Mrs. Burson which occurred on December 22, 1961, at defendant’s store located at 2617 Sunnybrook Avenue in Shreveport. Plaintiff slipped and wrenched her knee when she stepped on the white of an egg on the floor in front of and near the dairy box in which milk and eggs were kept. In addition to Pak-A-Sak Service Stores, Inc., the latter’s liability insurer, Westchester Fire Insurance Company, was also made a party defendant. From a judgment rejecting plaintiffs’ demands this appeal was lodged.
Most of the material facts are free from dispute, it being established that Mrs. Bur-son did in fact sustain an injury to her knee from a fall which occurred about 7:15 A.M. on the date above set forth. Also the presence of egg white on the floor was uncon-troverted. However, a serious question is presented as to whether or not the egg white had been on the floor a sufficient length of time during which the storekeeper or its employees should have known of its presence and removed it before it became a source of danger to customers of the store. Other facts disclose that the store closed at 11 o’clock on the night prior to the alleged accident, and before closing the floor had been cleaned and mopped, and if the egg white in controversy was on the floor at that time it was not detected. The *749 store was reopened at 7 o’clock on the morning of the accident and as previously stated, Mrs. Burson, accompanied by her 13 year old son, Jerry, entered the store about 7:15 A.M. One or two customers had preceded Mrs. Burson, but the testimony does not reveal what they purchased. Mrs. Bur-son’s testimony is corroborated by Jerry and narrates her fall by slipping on egg white. As she was checking out her groceries she called these circumstances to the attention of the store manager, Ernest A. Stevens, who was present at the time. The latter accompanied Mrs. Burson, located the egg white on the floor and Stevens removed it with his apron.
Upon the trial, Mrs. Burson and her son testified the egg white was dry and hard around its edges but fluid in the middle. A chemist, Professor M. W. Hanson of Centenary College testified that he had made experiments with eggs under conditions similar to that existing in defendant’s store, and, from the benefit of knowledge thus obtained, the egg substance as related and described to him must have been present from seven to nine hours prior to the accident suffered by Mrs. Burson. This testimony is of hypothetical origin and is predicated on assumed facts which were disproved by witnesses for the defendants, Ernest A. Stevens and Edwin E. Richardson. Stevens testified that he removed all of the egg white from the floor with his apron and had it not been easily wiped up from the floor with the cloth apron, he would have scraped it up but this was not necessary. Richardson testified to taking the statement of Mrs. Burson on January 3, 1962 in which she stated that the egg white was fresh. He testified that Mrs. Burson read and approved the statement which was offered in evidence. Counsel for appellee on cross-examination elicited testimony from Mrs. Burson that she had been involved in several accidents.
The law relative to the liability of storekeepers when patrons slip and fall in their establishments is apparently well settled and is as pronounced in Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562 (2nd Cir. 1954):
“Plaintiff’s cause of action arises from LSA-C.C. Art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App. 1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
“He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So. 2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La. App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“It is the settled jurisprudence of this state that the doctrine of res ipsa loqui-tur is inapplicable to a store keeper *750 whose obligation toward his customer is the use of ordinary care to keep aisles, passageways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer.” [See authorities cited.] [72 So.2d 562, 564]
The simple issue itpon which this case turns is purely a factual one and has been decided by the trial judge who observed the demeanor and heard the testimony of the witnesses and concluded that plaintiffs had failed to establish their case by a preponderance of the testimony.
The record discloses no error in the findings of the trial court and accordingly the judgment will be affirmed at appellants’ cost.