BARHAM, Judge.
Mrs. Clara C. Fish instituted this action against The Great Atlantic & Pacific Tea Company, Inc. and its insurer for damages arising out of injuries received in a “slip-fall” accident at about 11:00 o’clock, A.M., September 6, 1962, at the Creswell Avenue store in Shreveport. The plaintiff, an elderly woman, alleges that while walking adjacent to the vegetable counter in defendant’s store, she slipped and fell on some debris on the floor, i. e. three small pieces of lettuce leaf and a snap bean. She charges negligence on the part of defendant for failure to provide safe passageway for its invitees in that defendants did not take proper and reasonable precautions to see that the aisles were clear of substances and failed to inspect and clean the premises.
The trial court denied plaintiff’s prayer for relief with a finding that plaintiff had failed to prove “ * * * by a legal preponderance of the evidence that her accidental falling was due to stepping on a bit of lettuce leaf, or any other produce debris.” The Court further concluded that “ * * * plaintiff has not sustained the burden of proof imposed upon her to show actionable negligence on the part of A & P.” From this judgment dismissing plaintiff’s suit, she has appealed.
The trial court has rendered excellent written reasons for judgment in the case. He found as a matter of fact that Mrs. Fish did fall and receive severe injury at the time and in the place alleged:
“Mrs. Fish testified that as she was walking along the aisle adjacent to the vegetable bins, facing the front of the store, she suddenly felt her left foot sliding. She was frightened, cried for help, and tried to keep from falling; but despite her efforts, she fell very hard full length. She said after she was picked up from the floor she saw some pieces of lettuce and a snap bean on the floor where she had fallen, and she believed she had slipped on one of these objects and fell, because she could see nothing else that would have caused her to slip and fall.”
The lower court particularly relied upon the testimony of other witnesses that only two or three very small pieces of produce were on the floor in the vicinity of the accident. The court relied upon the testimony of the former produce stock clerk of A & P that three small pieces of lettuce were at the point where “ * * * she ended up * * * ”, but that this was some five feet from the point where she slipped and that they did not appear to have been stepped upon. The district judge concluded that plaintiff did not prove that her fall was caused by any debris on the floor. The lower court, after a thorough discussion of the evidence, made a further finding that the defendant provided every precaution reasonably necessary to keep the aisles and passageways in a safe condition. In his opinion, the district judge finally found absence of proof that the debris complained of was deposited by defendant or was in position on the floor for such time as would require defendant’s notice and removal of same.
The law in regard to these “slip-fall” cases is well settled. The lower court quoted extensively from Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2d Cir., 1954). We find that case to contain an appropriate statement of the law and quote the law relevant to the issues herein from that case.
“Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole *189 Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App., 1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
“He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer.”
We see no reason to disturb the lower court’s findings of facts and the trial judge has appropriately, in well written reasons for judgment, applied the correct legal principles.
The judgment of the trial court is affirmed and appellant is to pay the costs of this appeal.