Defendant operates a drugstore at No. 619 St. Charles Street in New Orleans. Salvatore Adriani operates a tailoring and clothing repair business in that neighborhood, and Mrs. Adriani helps her husband in conducting this business.
At about 8:30 or 9 o'clock on the morning of October 2, 1946, Mrs. Adriani entered defendant's drugstore to make a purchase. While waiting she decided to partake of a cup of coffee and a roll, and, accordingly, took her seat at the proper counter on a revolving stool. As she attempted to leave her seat, she fell to the floor and sustained injuries to her leg.
She and her husband charge that the fall was due to the improper construction of that part of the floor on which that and the other revolving stools rested, and they bring this suit against Wirth charging fault on his part, praying for judgment for $716, of which $500 is to compensate Mrs. Adriani for her pain and suffering and $216 is to reimburse Mr. Adriani for medical expenses, employment of a maid to attend to house work during the disability of Mrs. Adriani, and for loss of earnings in the business resulting from her absence.
The negligence of Wirth is alleged to be evidenced by the fact that the stools at the refreshment counter were not placed on the floor itself but were on a longitudinal plank 1 3/4 inches in thickness and 11 1/4 inches wide, the edge of which plank did not extend to the base of the counter, there being a space between it and the said base *Page 255 
2 3/4 inches in width. It is charged that it was negligence to permit this opening between the counter and this plank and that the right foot of Mrs. Adriani caught in this opening as she attempted to step from the stool to the floor.
Defendant denies that there was any defect in the construction of any part of his store and avers that the accident resulted solely from negligence and lack of care of Mrs. Adriani and, in the alternative, that it appear that there was any negligence on his part, that the cause of the fall was the contributory negligence of Mrs. Adriani herself in the following particulars:
"a. That the said Mrs. Adriani is a woman weighing over 200 pounds. That if plaintiff, Mrs. Adriani, suffered any injury in said accident, which defendant denies, that said injuries were entirely caused by her negligence and lack of care in getting off the stool on which she was seated at the soda fountain.
"b. That the said plaintiff, Mrs. Adriani, in getting up from said stool, did not take the proper precaution to avoid tripping or stumbling, and that she fell in doing so entirely because she arose from the stool hastily and carelessly, without taking proper care of herself, so that she stumbled or tripped and fell."
After a trial on the merits in the District Court, there was judgment dismissing the suit and plaintiffs have appealed. In the record we find a note reading as follows:
"The Judge inspected the premises 619 St. Charles Street and made the following statement:
"I made an effort to fit the shoe into the groove but found it impossible to do so without turning it sideways. It would have been impossible for the lady to step down and place one foot in the groove and the other outside the platform and stand on even footing as she testified. Furthermore, an inspection of the platform convinces me that it is not hazardous. I do not believe it is any more dangerous than the sills in the doorways of the court building."
Mrs. Adriani, in an effort to show that she was not guilty of contributory negligence, declared that the opening in which she says her foot was caught was not noticeable for several reasons. First, because the floor of the establishment, which was of ordinary concrete, was of about the same grayish tone as the board to which the stools were attached, and, second, she says that the opening was in a shadow thrown by a magazine rack, which was on the floor of the drugstore between the counter and the glass front of the store; that the sun shone through this glass front and threw the shadow of the magazine rack directly on the opening in which her foot was caught, and that this was accentuated by the fact that over the counter and a little back of it, was a bright electric light which also threw the shadow of the counter on this opening.
There is some doubt as to whether her testimony concerning the lights and these several pieces of store equipment is accurate but we deem it of little importance in view of the conclusion to which we have come.
There is also a controversy between counsel as to whether or not such a condition as is shown to have existed here is dangerous. Again, in view of our conclusion, we find it unnecessary to determine this question. Our reason is that before it becomes necessary to consider whether there was a danger for the results of which, defendant would be liable, and before we are called upon to determine whether plaintiff, herself, was guilty of contributory negligence, it must first be made to appear that the injuries were sustained as a result of the danger and, in fact, that they were sustained in the manner described by plaintiff, that is to say that they resulted from this defect; if it was a defect.
As already shown, the district judge did not believe that plaintiff caught her foot in this opening, obviously concluding that she merely slipped or lost her balance and fell as she attempted to alight from the stool. It is true that he based this belief, to some extent, on his test which showed that the shoe could not have gotten into the groove unless it was turned sideways. And it is true, too, that plaintiff testified that she did turn sideways before her fall and before she attempted to put her feet on the floor. But it is obvious that for other reasons as well the district judge did not believe plaintiff's *Page 256 
story and there is much in the record which justifies his conclusion that she is mistaken in her version of the occurrence.
We have carefully analyzed the testimony of plaintiff, herself, and think that her story was changed so many times and is so often self-contradictory that a judgment could not possibly be based on it.
There is no doubt that as she was alighting from the revolving stool she fell and sustained injuries which, in spite of her testimony and that of her physician, seem to have been very trivial. There is no doubt also as to the fact that there was a space of 2 3/4 inches between the base of the counter and the plank which was 13/4 inches thick, which was attached to the floor and to which the revolving stools were affixed. Of course, if, as a matter of fact, Mrs. Adriani's foot did catch in this opening and did cause her injuries, it would be necessary to consider the two questions: whether this was a defect which should not have been permitted, and whether she should have seen it and was guilty of contributory negligence in placing her foot in it.
But her own story is unbelievable because, as we have said, of its many changes and contradictions. When she was on the witness stand and was asked what caused her fall, her first answer was: "I don't know why I tripped." Shortly afterwards she said that she looked down and saw this opening, and realized that she must have caught her foot in it. It would be easy to understand why she might not at first have realized what had happened except for the fact that a little later in her testimony, in an apparent effort to more firmly bolster her case, she said that her foot had actually caught in the opening and she added: "I couldn't get it out." Again she said that she "must have" seen her foot in the "groove" because "I had to jerk it out * * * I felt it holding me."
We have no doubt that she did not at that time say anything to anyone about having caught her foot in this opening or groove. Mrs. Humphrey, a waitress employed in the store at that time but who no longer is employed there, asked her what had caused her to fall and testified that she said "she didn't know."
After Mrs. Adriani had testified that she had told Mrs. Humphrey exactly what caused her to fall, she was asked whether she knew Mrs. Humphrey would deny that and she changed her story and said she had not told it to Mrs. Humphrey but had said it out loud. And, on further questioning, she said she didn't know how loud she had said it, and when asked whether she had said it loud enough "for this girl to hear" she said: "I don't know."
Mrs. Humphrey, on the stand, testified that nothing whatever had been said about the groove, that Mrs. Adriani had simply said she didn't know what caused her to fall, that her leg had been rubbed with alcohol and that after a few minutes she had departed.
Mr. Wirth was in the rear of the store and was told that "a lady had slipped off a stool." Mrs. Humphrey asked him for something to rub the lady's leg with and he gave her some alcohol and did not even go to the front of the store. Surely if he had been told that a customer had caught her foot in an opening in the floor and had been badly hurt, he would have made a further investigation.
It is strange, too, that the fact that Mrs. Adriani claimed to have been seriously injured and claimed also that it had been caused by an alleged defect, was not reported to Mr. Wirth by either Mr. or Mrs. Adriani. Mr. Adriani did not claim that he had made any report to the drugstore. Mrs. Adriani said that she did not know if her husband had or not and said that she, herself, had said nothing about it until five weeks afterwards when she called at the drugstore to see if Mr. Wirth was in. She was told that he was not in, and she decided that she would not wait. She was asked if she had told the cashier what had happened and she said:
"No. I don't think I told the young lady. I don't think I spoke to the cashier at all about the accident; but she told me, the cashier told me, many persons have fallen on that same thing."
The absurdity of Mrs. Adriani's statement is at once apparent. She stated that she said nothing to the cashier about the accident and the cashier volunteered the *Page 257 
information that many other persons had been caught in that same opening. The cashier denied having made any such statement. The record shows that no other accidents of this kind have ever occurred in the three or more years during which the stools have been placed on that plank in that particular location.
Our conclusion is that the story of Mrs. Adriani is unbelievable. Certain it is that the record does not warrant a reversal of the District Court on a question of fact.
The judgment appealed from is affirmed at the cost of appellees.
Affirmed.