KENNON, Judge.
On July 21, 1947, plaintiff, Mrs. Anna Me'ade You-ng, -sustained a serious injury to her left hand while in the process of removing -a six-bottle -carton of -Coca-Cola •from the -display stack to her shopping basket in the Park N Super Market at Pi-ne-vil-le, Louisiana. Alleging that Mrs. Young’s ¡hand was cut by glass from -a bottle which had fallen out of the pasteboard -carton as the result of -same being torn -and furnishing inadequate support to the bottles, and that the torn place was on the opposite side, invisible to Mrs. Young, and that Mrs. Young was therefore guilty of -no -contrib *367 utory negligence, Mr. and Mrs. Young filed suit against the owner of the market, his insurer, the manufacturer-vendor oí the -offending Coca-Cola and its insurer, for damages and expenses totaling more than $13,000.00.
The answer of the owner of the Park N Super Market and his insurer set forth that the carton of Coca-Cola involved was placed in the defendant’® store 'by the defendant bottling company ‘and that if any negligence was involved, 'same was attributable to the defendant bottling company. In the ‘alternative, in the event the defendant storekeeper was held to be negligent in failing to observe the defective condition of the carton of Coca-Cola picked up by plaintiff, that Mrs. Young was in the same manner negligent in failing to observe the defective carton and that this failure to observe constituted contributory negligence which was espeoially pleaded as a bar to recovery.
The defendant bottling company and its insurer admitted the manufacture and display of the carton of Coca-Cola involved, but set forth that the Coca-Cola bottles, their contents, and the cartons used in the distribution of same, were the best procurable for the purpose and the type customarily used in the trade; that the cartons were so constructed as to be entirely safe and that all suoh cartons delivered to the Park N Super Market were in sound and proper condition at the time of delivery. In the alternative, these defendants pleaded that if the Coca-Cola carton involved was torn or defective, that Mrs. Young was negligent in failing to observe the dangerous condition and such failure constituted contributory negligence, which these defendants also pleaded as a bar to recovery.
From a judgment of the District Court in favor of defendants, plaintiffs have appealed.
On the date alleged, Mrs. Young, with her small child, entered the ‘grocery store for the purpose of purchasing groceries. She placed the baby in the top of a double tiered roller shopping basket. Coming alongside of a place where Coca-Cola cartons were stacked several feet high on her left side, s'he stopped the carriage about two feet from the stack. Reaching over with 'her left hand she grasped the handle of a six-bottle carton and was in the process of transferring the carton from the stack to the lower basket of the grocery carriage when a bottle fell out of the carton onto the concrete floor and broke. A piece of flying glass cut the tendons of the middle finger of -her left hand approximately at the knuckle joint. She immediately called to one of the clerks who came to 'her assistance. The occurrence of the accident was made known to the owner of the store, who arranged for Mrs. Young to be carried to the doctor.
We agree with the principle of law stated in the defendant bottling company’s brief that the proximate cause of an accident must be established by plaintiff by a preponderance of evidence. However, we do not agree with this defendant’s contention that the case before us is one for the application of the rule followed by the Court in the case of Piacun v. Louisiana Coca-Cola Bottling Company, et al., La. App., 33 So.2d 421, and cases there cited. In the case 'before us, the falling out and breaking of the bottle occurred in the place of business of one of the defendants. Mrs. Young’s injury was of such a nature that she was in no condition to observe the condition of the carton or the remaining bottles ■after the accident, ¡and the evidence discloses that possession of the carton was retained by the manager of the store until the date of trial. This principal piece of evidence was hot under the control of or in the custody of plaintiffs at ‘any time after the occurrence of the accident.
The circumstances were such ¡as to clearly rule out any possibility that Mrs. Young could 'have tampered with the carton or caused same to be torn prior to the accident. Mr. Adams, owner of the Park N Super Market, testified that the carton was brought to his office with five bottles left in it; that the five bottles remained in the carton until the morning of the trial, when he took them out before bringing the empty carton to court. He testified that the end bottle on one side w-as missing and that the pasteboard carton was torn about a quar *368 ter of an inch on each end of one side. The torn carton was introduced in evidence. At the time the case was argued 'before this Court, the te'ar on each end was-considerably more than a quarter of an inch. Mr. Young, plaintiff, who was at work at the time his wife’s hand was cut, testified that he went to the store in the afternoon and saw the carton in Mr. Adams’ office; that it was in a torn condition. An employee of the bottling company who placed the cartons on the display stack testified that it .was his custom to examine the cartons as he stacked them and to discard any that were torn or unusable. The testimony of all witnesses shows that the majority of the cartons on the stack were “used.” The Coca-Cola’.route salesman said ‘ that’the cartons were used two or three times" before being discarded. '
Mrs. Young -testified that she noticed nothing unusual about the appearance of the sides of the carton nearest to her and readily admitted that she made no examination of the -carton -after the -bottle dropped, paying all of her attention to the condition of her hand. In fact, the record shows that she was in a near, if not complete, fainting condition by the time she left the store -and a-gain on the way to the hospital where the -operation was performed. The store clerk who first came to Mrs. Young’s assistance was not called. -Counsel for defendant's makes the point that this should be counted against plaintiffs. However, he w-as an employee of one of the defendants and we do not consider the -circumstances such that the failure to summon him -should create any unfavorable inference again-st plaintiffs.
Our conclusion is that plaintiffs have established by a preponderance of the testimony that the side of the -c-arton from which the bottle fell was torn -at the time Mrs. Young -removed the carton from- the st-a-ck and started to place it in the shopping basket, and that the condition of the carton was the proximate cause of the falling out and breaking of the bottle and the resulting injury to Mrs. Young’s hand.'
We next consider defendants’ plea of contributory negligence. Assuming that it was Mrs. Young’s duty to notice any obviously dangerous condition of the carton before picking it up, the evidence shows that the side nearest to her was not torn and had no visible defect. It would be unreasonable to require a prospective customer to walk around the sta-ck or peer -around the other side of a carton (which appeared safe from the customer’s side) before picking same up, with a view of placing it in the customer’s basket for purchase.
Counsel for defendants in brief bring out that M-ns. Young placed her small child in the top one oif the grocery baskets despite a sign to the effect that the “management will not be responsible for accidents while riding babies in baskets.” Her own testimony was that she was holding her baby with her night hand at the time she was handling the Coca-Cola carton with the left hand. Our observation is-that it is not unusual for young mothers to carry their children along when going to the grocery store to do the family shopping. The practice o-f the mother to carry -a young one about with her. as she pursues the necessary tasks incident to the providing of food began in America with the papoose baskets of the Indian squaws hundreds of years before the coming of Columbus or the establishment of the first super markets.
 However, since there is no pleading to support same, we need not consider defendants’ contention regarding the baby’s presence o-r the suggestion in brief, that the ■falling of the bottle may h-ave resulted from the carton’s being struck against other objects. Sufficient for the decision of this case is it that the evidence does not support defendants’ plea that Mrs. Young was cont-ributorily negligent in failing to observe the torn condition of the carton.
Plaintiffs h-a-ve -established their case by a preponderance of the evidence. Under those circumstances, it becomes necessary for us to consider which defendants 'are responsible, but not to decide whether the -circumstances are such as to -make the doctrine of res -ipsa loquitur applicable. The record discloses that it was the practice o-f the representative of the Coca-Cola company to arrange the Coca-Cola display *369 stacks. Its representative testified that the stack in question was placed in the grocery store by him; that he re-stocked the display stack from time to time either by placing new cartons on the stack, or by removing the remaining cartons and building a new stack i'f he deemed it expedient. There was no proof that the torn condition of the carton was made known to any employee of the defendant grocery store.' Under these circumstances, plaintiffs have not established a oase against the owner of the grocery store or his insurer.
The accident resulted in the severing of the extensor tendons of the middle finger of plaintiff’s left hand and, the penetration otf the joint capsule. Mrs. Young was taken to the Baptist Hospital where, under anesthetic, this tendon was pulled back and repaired with the use of steel thread. These sutures were removed six weeks later. Subsequently, a second operation was necessary in order to remove ad-hesions which 'formed between the tendon and the capsule. For some weeks Mrs. Young was seriously inconvenienced in the handling of her young child and suffered considerable pain and nervousness. She continued under treatment for approximately ninety days and at the time of her •discharge from medical treatment, She had a moderate amount of weakness upon extending her finger. There remained a scar three centimeters long and nearly a centimeter wide, -with a second scar two centimeters long and one millimeter wide. At the time of the trial, the finger was still weak, but expected to return to normal strength after a 'few months. We have concluded that an a ward of $800.00 would be a proper one for Mrs. Young, and that her husband should recover $187.00 for expenses incurred.
The judgment appealed from is affirmed as to defendants John W. Adams and the National Automobile & Casualty Insurance Company, and same is reversed as to the other defendants.. Judgment is now rendered in -favor of Mrs. Anna Meade Young for $800.00 and in favor of Elmer Eugene Young, Jr. for $187.00, both of said judgments to be in solido against the Alexandria Coca-Cola Bottling Company, Inc. and the Hartford Accident and Indemnity Company, and both to bear interest at 5% per annum from judicial demand until paid. Defendants cast to pay costs.
TALIAFERRO, J., dissents and assigns •written reasons.