BEYCHOK

v.

ST. PAUL MERCURY INDEM-
NITY CO.

Civ. A. No. 4236.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 17, 1954.

at tables in the area east of the counter. The metal shaft, or stool pedestal, thus was left exposed in an upright position. While attempting to seat herself on the stool immediately to the right, or north, of the exposed stool pedestal, she fell and sustained the injuries for which she claims damages.

She alleges that the accident resulted solely and proximately from negligence on the part of the store management, in the following respects:

"1. In failing to 'rope off' area along luncheonette counter where counter stool was non-usuable and disconnected with meter (sic) pedestal left in an unprotected but highly dangerous position.

"2. In failing to place warning signs at the location of the said disconnected counter stool to warn customers of the dangerous condition of the said counter stool.

"3. In failing to caution petitioner of the dangerous condition existing at the luncheonette counter due to the said disconnected and highly dangerous non-usuable counter stool.

"4. In creating a hazardous condition at the luncheonette counter by removing or permitting to be removed the cusioned seat from the metal pedestal, leaving the metal pedestal in an exposed and dangerous condition which they well knew or should have known would result in injury to customers using the luncheonette counter."

Defendant has taken plaintiff's deposition on discovery [3] with the result that

Morgan, Baker & Skeels, Shreveport, La., for plaintiff.

Jackson, Mayer & Kennedy, Shreveport, La., for defendant.

DAWKINS, Jr., Chief Judge.

Presented for decision is defendant's motion for summary judgment, based upon the allegations of the complaint and the deposition of plaintiff taken on discovery (see 6 Moore's Federal Practice (2nd Ed.) 2075, § 56:11(4)).

Plaintiff sues defendant directly [1], under the Diversity Statute [2], as the liability insurer of Shreveport Drug Company, Inc., operator of a combined drugstore and luncheonette in the downtown area of Shreveport, Louisiana. For a cause of action, she alleges that defendant's assured negligently caused her to be injured on August 15, 1952, when she suffered a fall at the assured's premises.

The store building faces north. Plaintiff asserts that on the west side of its interior is a long luncheon counter extending from front to rear, along which there is a continuous row of counter stools for use by customers. At a point approximately half way of the counter's length, defendant's assured had removed the top, or cushion, from one of the stools. This was done in order for waitresses to have a clear space to pick up orders from the counter for customers

1. Under the provisions of LSA–R.S. 22:-655.

2. 28 U.S.C.A. § 1332.

3. The pertinent part:
"Q. Mrs. Beychok, why did you attempt to sit on the uncovered pedestal? A. I didn't say I attempted to sit on the uncovered thing.
"Q. I thought that is what you are contending; that you went in and attempted to sit on the pedestal? A. No.

"Q. And, didn't notice the top was removed and you had a fall in that way? A. I attempted to sit on the seat on the right to the one without the top. I attempted to sit on the seat that did have a top to the right of the one that was without the top. However, I don't recollect contacting with anything. I just found myself falling before I got a chance to sit on anything.
"Q. Then, as a matter of fact, the uncovered pedestal didn't have anything to

the accident is shown to have happened, not from negligence committed by defendant's assured, but from plaintiff's own carelessness and inattention to her movements in the presence of a danger which, if it existed at all, was known to her, seen by her, and could have been avoided easily had she exercised normal prudence and regard for her own safety.

 Storekeepers are not insurers of their customers' safety[4]. They are required to exercise only ordinary, reasonable care to avoid injury to those who, as invitees, come upon their premises[5]. The stool in question, from which the top had been removed, was in plain view and clearly observable to any customer. Indeed, plaintiff frankly admits she saw it. There was nothing so inherently dangerous about it to require that it be "roped off", that "warning" signs be erected, that customers such as plaintiff be "cautioned" as to its presence, or anything else about it which reasonably should have caused defendant's assured to know that it would result in injury to customers using the counter. The court knows, it being a matter of common knowledge of which judicial notice may be taken[6], that the pedestal had been in the same condition for at least fifteen years before plaintiff's unfortunate accident occurred, without any incidents having taken place, so far as we know, to have indicated that it was a source of danger.

If plaintiff caught her skirt on the pedestal and fell, as she alleges, this was clearly something she could and should have avoided by the very slightest care and attention to what she was doing. Actually, she does not know what caused her accident, as her deposition plainly shows.

If this case were tried to a jury, with plaintiff's testimony as it is, we would be bound to direct a verdict for defendant, for by plaintiff's own admission she would have failed to prove that defendant's assured was negligent. Even assuming that it was negligent in the respects alleged, she would have convicted

---

do with it, did it? A. Well, I don't know. I wish I could say. All I know is the way it seemed to me, I couldn't have tried sitting on the uncovered one because there would have been a sharp contact. I didn't feel contact with anything. I was trying to get in. There is the right (indicating) and there is the seat to the left of me (indicating) and I was trying to get in to sit here and I found myself falling with the bottom of the skirt caught on the pedestal.

"Q. After you commenced to fall you found your skirt was caught? A. Yes, there was a man to the left of that and we had to take the skirt off that pedestal but I didn't make contact with any seat at all.

"Q. You fell before you sat; is that right? A. Well, it seems that way.

"Q. Because you never actually seated yourself? A. Well, I don't remember seating myself. I don't remember contacting anything. It happened so fast.

"Q. Mrs. Beychok, you knew the seat to the left of you did not have a top on it, didn't you? A. Well, yes.

"Q. You saw it? A. Yes, sir.

"Q. And, you knew it didn't have a top on it? A. And I saw this one with the top:

"Q. And, you attempted to seat yourself on the one with the seat? A. Yes, I was attempting to circle to get on the seat.

"Q. And you were aware of the fact the one next to you didn't have a top? A. Yes, sir.

"Q. And, you were careful? A. It wasn't a question of being careful. It was a question of sitting on the seat where I wanted to sit.

"Q. You didn't notice any foreign substance on the floor that caused you to fall? A. No sir.

"Q. There is no contention in this lawsuit— A. I didn't slip.

"Q. —that the premises were not lighted, or there was a hole in the floor, or there was broken tile? A. No.

"Q. That is not an issue, is it? A. No.

"Q. You don't make any contention of that kind? A. No."

4. McGregor v. Saenger-Erhlich Enterprises, Inc., La.App., 195 So. 624, and cases cited therein.

5. Hendricks v. Maison Blanche Co., 5 La. App. 410.

6. 20 Am.Juris., pages 49, 51, 52, 98; Verbo. "Evidence", §§ 18, 20, 77.

herself of contributory negligence proximately causing the accident [7], thus effectively barring recovery of damages.

For these reasons, since there is no genuine dispute as to the facts, which themselves plainly demonstrate that plaintiff has no valid case against defendant, the motion for summary judgment is sustained.

Proper decree should be presented.

---

**7.** Powell v. L. Feibleman & Co., Inc., La. App., 187 So. 130; Lawson v. D. H. Holmes Co., La.App., 200 So. 163; Hays v. Maison Blanche Co., La.App., 30 So.2d 225; Knight v. Travelers Ins. Co., La. App., 32 So.2d 508; Adriani v. Wirth, La. App., 35 So.2d 254; Young v. Hartford Acc. & Indem. Co., La.App., 47 So.2d 365, 366.