REGAN, Judge.
Plaintiff, Edith Jones, instituted this suit against defendants, Leon Heymann and his insurer, The Employers Liability Assurance Corporation, Ltd., endeavoring to recover damages in the amount of $7,-146.00 for personal injuries allegedly sustained by her on October 9th, 1948, at 1:30 p. m., when she slipped on a “soapy” or “greasy wet spot”, causing her to fall to the Seventh floor corridor of the Audubon Building, located in the City of New Orleans.
Defendant excepted to the petition of plaintiff in that it was (1) “vague, indefinite and insufficient” and (2) “that the petition does not comply with the Pleadings and Practice Act [LSA-RS 13:3601 et seq.], in that the affidavit is not signed by the plaintiff, but by the counsel of plaintiff.”
The trial judge maintained the exception directed at. the vagueness of plaintiff’s petition, which was subsequently amended. Defendants then answered which, in substance, was a general denial and, in the alternative, pleaded the contributory negligence of plaintiff.
*818 From a judgment in favor of defendants dismissing plaintiff’s suit, plaintiff prosecutes this appeal.
The record reveals that plaintiff, a resident of Morgan City, Louisiana, sojourned to the City of New Orleans on Saturday, October 9th, 1948, accompanied by her child and a cousin, Mrs. Mary Mercurio, for the purpose of visiting, professionally, the offices of Dr. Phillip De-Verges, a pediatrician, located in No. 736 of the Audubon Building. It appears that they arrived at this office at approximately 12:30 p. m. and awaited consultation with Dr. DeVerges. At about 1:30 p. m. the child desired the use of the restroom, which was located on the ■ same floor level. Thereupon plaintiff, escorting the child, exited through the door of Dr. De-Verges’ waiting room into the corridor, and “upon turning from the door after releasing the door-knob, she slipped and fell” fracturing her left hand and arm. Plaintiff testified “I slipped on something; I don’t know what it was, something wet; could have been grease or soap or something. I did not have high heel shoes on. * * * I was out for a few minutes. Nobody else was in the hall. Then some man came along and helped me out. Then I went back in the office, and when the doctor looked at my baby for an examination I had -him look at my arm.”
Mrs. Mary Mercurio testified that she accompanied plaintiff to Dr. DeVerges’ office, but that she did not see plaintiff fall because she was in the reception room. Mrs. Mercurio only learned of the accident when she was informed thereof by plaintiff. However, she testified that plaintiff “had dirt on her arm, and it began swelling right away; her dress had some dirt on it.”
No other witness appeared before the judge, a quo, to testify on behalf of plaintiff.
Wilfred Gorrum, a porter, Rita Bernard, a maid, and Malcolm Joanen, the Building Manager, appeared and testified on behalf of the defendants, to the effect that the corridors in the building, the floors of which are tiled, are cleaned each day between the hours of 6:00 p. m. and 3:00 a. m., and each day periodic inspections are made thereof in order to maintain the cleanliness of the corridors; that the building is properly staffed and maintained; that neither Gorrum, Bernard or Joanen were aware of the alleged accident until Joanen, the building manager, received a letter from plaintiff’s attorney ten days after the alleged injury to plaintiff, demanding monetary settlement therefor.
We have carefully observed and evaluated the only evidence in the record relating to the cause of plaintiff’s fall to the floor of the corridor, and that is her uncorroborated statement that the floor thereof was “wet” with “grease” or “soap”. Plaintiff obviously was afforded the opportunity to procure adequate evidence relating to the cause of her fall. It has not been explained to the satisfaction of this court why plaintiff did not request Dr. DeVerges, his nurse, from whom she had procured the key to the rest room, or Mrs. Mercurio, all of whom were only several steps removed from the situs of the accident, to observe the condition of the floor where plaintiff insisted she slipped and fell injuring herself. We consider it significant that plaintiff failed to call Dr. DeVerges or 'his nurse to testify on her behalf.
We are of the opinion that plaintiff has not sustained the burden of proof resting upon her to establish, by a fair preponderance of the evidence, that there was any foreign substance on the floor of the corridor of defendant’s building which would have caused her alleged accident and resulting injuries.
Assuming arguendo, that plaintiff had proven that she had fallen and suffered the resulting injuries therefrom, which is an assumption most favorable to the plaintiff, she still could not recover because she has failed to prove that the management of the Audubon Building failed to use ordinary care in maintaining its premises in a reasonably safe condition. Hays v. Maison Blanche Company et al., La.App., 30 So.2d 225.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.