PONDER, Justice.
 

 The plaintiff, Everett Davis, seeks to recover from the defendant, the Teche Lines, Inc., damages in the amount of $4,-609.10, with legal interest from judicial demand, occasioned by a fire which he claims originated through the negligence of the employee or employees of the defendant.
 

 On September 9, 1939, at approximately 12 :30 A. M., shortly after midnight, while an employee of the defendant was engaged
 
 *6
 
 in filling the gas tank of a bus in the defendant’s station at Lafayette, La., a fire occurred which destroyed the bus station and the adjoining building which was occupied by the plaintiff, as lessee, and used by him as an automobile repair shop. The plaintiff is seeking to- recover for the loss of the contents of the leased building and damages resulting from the loss of business and inconvenience.
 

 The defendant denies that it or its employees were in any way responsible for the origin- of the fire. The Trial Court rejected the plaintiff’s demands, and he has appealed.
 

 In the Trial Court, the plaintiff invoked the doctrine of res ipsa loquitur, and he now contends that he was not given the full benefit of this doctrine in the lower court. Counsel is under the impression that when the doctrine of res ipsa loquitur is applied that it is not only incumbent upon the defendant to refute negligence on the part of its employees, but that it must also affirmatively show the exact cause of the fire and why it occurred. The defendant contends that the doctrine of res ipsa loquitur is not applicable in this case. Under the facts herein, it is immaterial whether the doctrine applies or not for the reason that the result would not be changed in either event, and for the purpose of this decision, we may concede that the doctrine is applicable.
 

 The plaintiff advances three theories which he claims might have caused or started the fire. The first theory is to the effect that the fire was caused by hot gases or particles of burning carbon emitted from the exhaust pipe of a pusher bus, immediately in front of the bus that was being serviced, coming in contact with vapors from spilled gasoline. This theory is based on expert testimony.
 

 The testimony with respect to the position- of the pusher bus is extremely confusing. Some of the testimony shows that it was some twenty feet ahead of the bus that was being serviced, and there is considerable testimony to the effect that the pusher bus had departed from the station before the fire started. Irrespective of the location of the pusher bus, there is no testimony to show that any fire traveled from the direction of the pusher bus to the mouth of the tank that was being serviced. In fact, the testimony shows conclusively and without contradiction that the fire originated at the mouth of the tank that was being serviced. This in our opinion refutes this theory.
 

 The second theory advanced by the plaintiff is to the effect that when the gasoline was spilled on the cement floor, by the gasoline in the tank bubbling up and overflowing, the vapors from the gasoline spread rapidly and became ignited by carbon glow in the exhaust pipe of the bus, caused by the heat of the bus itself. The answer to this theory is that the fire did not start from the exhaust pipe but from the mouth of the gasoline tank which is located on the side of the bus.
 

 The third theory advanced is to the effect that the gasoline became ignited by static electricity or leakage of electricity from the wiring of the bus. This theory,
 
 *8
 
 as well as the other theories advanced by the plaintiff, is purely conjectural. There is no evidence to show that there was any short in the wiring of the bus or leakage of electricity. It could not have been caused by static electricity because the driver and a number of passengers had alighted from the bus before the fire occurred, and in so doing, the circuit between the truck and the ground was complete, thereby instantly discharging the charge of static electricity. Bruchis v. Victory Oil Company, 179 La. 242, 153 So. 828.
 

 The testimony offered on behalf of the defendant shows the bus that was being filled with gasoline had been overhauled shortly before the fire and was in first class condition. The gasoline pump and the hose connected to it, used to service cars, were of a modern type. There is nothing in the evidence to show any negligence on the part of the employee who was in charge of the bus station when the fire occurred. This employee of the defendant was unable to explain what caused the gasoline to ignite at the mouth of the gasoline tank. It appears that this employee willingly and freely gave all the information in his possession as to the manner in which and where the fire originated.
 

 The general statement of the rule of res ipsa loquitur or “the thing itself speaks” as stated in 45 C.J., § 768, page 1193, was accepted and approved by this Court in the case of Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447, 449; viz, “where the thing which caused -the injury complained of is shown to be under the management of the defendant or his servants, 'and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that the accident arose from want of care.” The rebuttable presumption or inference of negligence arising by virtue of the operation of this rule is predicated upon, and arises only in the absence of, an explanation by the defendant, but the presumption or inference is overcome and rebutted if the defendant’s explanation is sufficient to rebut the inference that he had failed to use due care. The burden or duty of explanation is not satisfactorily to account for the occurrence and to show the actual cause of the injury, but merely to rebut the inference that he had failed to use due care. 45 C.J. § 784, page 1222. It would be helpful, if the defendant could make the specific cause known, but in cases of this nature, where the cause is unknown to the defendant, it is sufficient explanation when the defendant shows that the occurrence did not result from his negligence or that he had used due care.
 

 No hard and fast rule can be set, for the reason that the explanation must be governed by the peculiar facts and circumstances of each case. In many cases where the doctrine is applied, specific acts of negligence are also proven, as in the case of Jones v. Shell Petroleum Corporation, supra, where the employee carelessly wasted a quantity of gasoline. In cases of that nature, the defendant would be required to not only rebut the inference of negli
 
 *10
 
 gence arising from the rule hut to show that he was not guilty of the specific acts of negligence. In a case where no specific act of negligence is proven, and the plaintiff relies solely and only on the inference or presumption arising from the rule of res ipsa loquitur, all that could be required of the defendant is to give an explanation sufficient to rebut the inference or presumption of negligence. It would be unreasonable and unjust to cast the defendant where he has shown due care simply because he was unable to determine the exact cause of the fire. Especially is this true in this case where the defendant is engaged in a business accessible to the general public, and many passengers were in and out of the bus at the time the fire occurred.
 

 Counsel for the plaintiff contends that the defendant, being the owner or in possession of the premises in which -the fire originated, is liable for damages for its or its employees’ failure to use reasonable diligence to prevent the fire from spreading to the plaintiff’s place of business after the defendant or its employees had notice of the existence of the fire. The answer to this contention is the testimony shows that the employees of the defendant made every effort within their power to extinguish the fire.’ When the fire started, the employees immediately used fire extinguishers in an effort to put it out, and the fire department was instantly notified. When the fire department arrived at the scene, the fire was still confined to the bus or its immediate vicinity. Upon arrival, the firemen began spraying the bus with water by means of a hose which caused the bus to explode, the explosion being caused by the contact of water with burning gasoline, and thereby spread the fire throughout the building. The fire had then reached such proportions that it was impossible for the firemen to get it under control until after it had destroyed the bus station and the adjoining building, occupied by the plaintiff.
 

 It is suggested that the defendant did not have sufficient employees on duty the night the fire occurred to prevent it from spreading. The testimony shows that the defendant had the same number of employees on the night of this occurrence as it had maintained over a period of years, and that they used every effort at their command to extinguish the fire. Moreover, since only a question of fact is involved, we would not be disposed to disturb the findings of the Trial Court with respect thereto unless manifestly erroneous.
 

 The judgment is affirmed at appellant’s cost.