PER CURIAM.
In its application for rehearing, the defendant assigns two errors which it contends we mad'e in our opinion, viz.:
(1) “in placing the defendant in the position of an insurer by holding it responsible, under' the doctrine of res ipsa loquitur where no negligent acts were proven, solely because the employees were unable to explain the cause of the fire” ;
(2) the decision “is in conflict with the principle of law announced by the Supreme Court of Louisiana in the case of Davis v. Teche Lines, 1942, 200 La. 1, 7 So.2d 365.”
With reference to the first assigned error, we definitely state that we are not placing or attempting to hold defendant as an insurer. We are firm in our conviction that the doctrine of res ipsa loquitur applies in this case. As stated in the opinion, one of the employees, Gurvis Sonnier, testified that the fire, when first perceived, was underneath the truck on the floor and the flames were about two feet high and occupied an area of about two feet in diameter and that the substance burning, in his opinion, was gasoline. ' He was of the opinion that the gasoline burning on the floor had come from the fuel line which he had disconnected from the gasoline tank. Thus, we have a case where the employee confesses that he carelessly allowed a quantity of gasoline to be wasted on the floor of the garage, thus bringing about a similar situation as existed in the case of Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447.
With reference to the second assigned error, a mere reading of that decision clearly demonstrates that it is not applicable to the case at bar. States the Supreme Court in the case of Davis v. Teche Lines, [200 La. 1, 7 So.2d 367] supra: “No hard and fast rule can be set, for the reason that the explanation must be governed by the peculiar facts and circumstances of *404 each case. In many cases where' the doctrine is applied, specific acts of negligence are also proven, as in the case of- Jones- v. Shell Petroleum Corporation,'supra, where the employee carelessly wasted a quantity of gasoline. In cases of that nature, the defendant would he required to not only re-hut the inference of negligence (Prising from the rule but to show that he was not guilty of the specific acts of negligence.” (Emphasis ours.)
In the present case, defendant,, to our conviction, has not only failed to .rebut the inference of negligence, but has failed to show that it was not guilty of .negligence of having spilled a quantity .of gasoline on the floor and allowed it to remain thereon.
Rehearing refused.