LE BLANC, Justice.
Certiorari was granted in this case to review a judgment of the Court of Appeal, Parish of Orleans, 46 So.2d 513, which had amended and affirmed a judgment of the Civil District Court of that parish in favor of the plaintiff, on an action in tort against the defendants, L. J. Reynolds, doing business as Larry & Katz, and Coal Operators Casualty Company.
Plaintiff’s demand arose out of an accident which occurred on the morning of January 9, 1949 when he slipped and fell in a pool of caustic substance on the floor of the toilet in Larry & Katz’s place of business in this city, and as a result sustained severe burns about his body. He made the necessary allegations of negligence on the part of Larry & Katz in having used and permitted caustic substances to remain on the floor rendering it slimy and slippery and causing him to fall. Coal Operators Company was sued in solido, with Larry & Katz as the latter’s public liability insurance carrier.
In a joint answer filed by both defendants all allegations of plaintiff’s petition were denied. Particularly did defendants deny negligence on the part of Larry & Katz and they then specifically averred that they were free from any fault or carelessness in connection with the accident sustained by plaintiff, if any. Pleading in the alternative they alleged that if Larry & Katz were guilty of any negligence, plaintiff was barred by his own contributory negligence in (1) being intoxicated, at the moment he fell, to such extent as to have lost control of his mental and physical faculties, (2) in failing to take reasonable precautions, which any reasonably prudent person would have taken to guard against slipping on the floor and (3) in failing to minimize his injury by cleaning himself after falling down in a public toilet.
*659 The demand was for $10,417. The award of the district judge was $3917 and this was reduced by the Court of Appeal by the sum of $1000.
' The foregoing recital of the pleadings-discloses that the only issues presented consisted of the charge of negligence made against defendant, Larry & Katz, and the plea of contributory negligence contained .in the answer of the defendants.. The writ of certiorari was granted because we were led to believe, by the application made therefor, that the doctrine of res ipsa loquitur had been injected during the trial and that the district judge, had held that it was applicable to the case. On review of the whole record which is presently before us we find that at no time was the rule invoked nor do we see any reason why it should have been as the case presented merely a question of fact on the issues of negligence and contributory negligence as they had been pleaded. It is true that thp district judge, in his reasons for judgment, which were adopted by the Court •of Appeal as their own on the question of liability, stated that he “believed that the doctrine of res ipsa loquitur” was applicable to the case and that the doctrine shifted the burden of proof, but apparently that statement was made inadvertently as a reading of his entire opinion leaves no doubt that he concluded from the testimony, which he analyzed in detail, that plaintiff had carried the burden of proving that Larry & Katz had been negligent in leaving the floor of the toilet in their place of business covered with some caustic substance and that he slipped and fell in it and sustained the burns which appeared shortly thereafter, by having come in contact with it. He disposed of the plea of contributory negligence by holding that the testimony did not bear out the charge of plaintiff’s intoxication and that although the premises were lighted and plaintiff could have seen that the floor was' wet, he had no reason to believe that there was some injurious chemical substance by which, if he slipped and fell, he would sustain burns about his body. He further held that as plaintiff could not foresee that, even after he fell, he would be burned by coming in contact with the substance that was on the floor, he was. not called on to minimize his injury by promptly removing his wet clothes and cleaning himself.
We can think of no good purpose that would be served by further discussion of the facts on which the judgment of the district court was based and, as already pointed out, the written reasons of the district judge on the question of liability were adopted by the Court of Appeal in affirming the judgment on that issue. In order to reverse the judgment we would have .to disagree with both Courts on matters that are purely factual. Far from disagreeing we are of the opinion *661 that to the contrary, the record fully supports their findings.
For the reasons assigned the judgment of the Court of Appeal is affirmed.