GLADNEY, Judge.
This suit was instituted by State Farm Mutual Automobile Insurance Company as subrogee of its insured, Leonard C. Pratt, Jr., and is for the recovery of the sum of $161.42 for property damage sustained. Made defendants are Herrin Transportation Company and the driver of its truck, Thomas L. Bryan. From a judgment favorable to plaintiff, defendants have appealed.
This action sounding in tort arises from an occurrence on June 11, 1960, at approximately 8:45 P.M. At that time plaintiff’s insured was operating his Studebaker Lark automobile in a southerly direction on U.S. Highway No. 165, four miles north of Monroe, and while in the act of meeting and passing a truck and trailer unit owned by Herrin Transportation Company, and operated by its employee, Thomas L. Bryan, Pratt’s automobile was struck by an object which caused damage to its grill, bumper, hood and air conditioning unit.
Pratt testified that he saw in the light reflected by the headlights of his car, an object falling from the truck-trailer unit which appeared to be fifteen inches in length and twelve inches or less in width. It struck the automobile with a very loud *273 noise, resembling a violent blow inflicted by a baseball bat. He brought his car to a stop, inspected the damage to his car and then reversed his direction and overtook the truck-trailer unit, whereupon the happening was explained to Bryan, who observed the damage, and the two of them, with the aid of a flashlight, examined the truck-trailer unit in order to ascertain if such an object could have become disengaged from the unit and caused the accident. Bryan, at that time acknowledged hearing a loud noise when the vehicles were passing, which he said sounded like a blowout. Portions of two letters from the name “Herrin” affixed to the side of the trailer unit were found to be missing, but nothing else. Both parties then went back to the scene of the accident and the highway for a considerable distance on either side was searched without discovering any additional evidence. Participating in this search was State Patrolman Johnny Mitchell, who had been called to the scene. Still another examination of the unit was made in Monroe at Herrin’s terminal, to which point Bryan accommodatingly returned. Nothing of importance was discovered.
The trailer unit operated by Bryan is described as consisting of the thirty-two foot van type trailer with an International tractor of from ten to twelve feet overall length. The letters of the word “Herrin” were seven feet in height and several inches thick. They were composed of celotex, pieces of which could be easily broken off by hand. The missing parts from the letters were never found and all efforts to determine the identity of the object were fruitless. The fragile, soft and light parts missing from the celotex letters of the trailer could not, in our opinion, have inflicted the damages.
Bryan testified he had arrived at his employer’s terminal in Monroe after dark, where he dropped a loaded trailer and picked up an empty trailer, which he, himself, connected to his truck, checked his lights, brakes, signals and tires, and then proceeded on his journey, his destination being El Dorado, Arkansas. He stated it was customary to carry reflectors and flares. These were sometimes carried on the outside of the vehicles, but on this occasion he carried them on the inside of the trailer where all of his safety equipment was mounted and bolted to the truck. He also testified:
“Q. Did you check that trailer to see if it was emptied properly when the last man may have used it on a run? A. No, sir, I didn’t. I did not open the trailer, sir.
“Q. So you did not check to see what conditions and so on would be. Did you look on top of the trailer? A. No, sir.
“Q. You do not know what might have been on top of the trailer and so forth. Did you look around on the sides of the trailer to see if anything was hanging on it? A. Well, I wasn’t specifically looking for anything hanging, sir, but if anything had been I feel sure that I would have noticed it.
“Q. This was at night when you picked that up, wasn’t it? A. Yes, sir.
“Q. So that you would ordinarily expect that that would be done by the other driver you are talking about? The one that left the trailer there— brought it in on the last run, is that what you are talking about ? A. Whoever brought the trailer in there, sir, — we don’t handle our freight here. As a general rule we bring in a loaded trailer and drop it and pick up a loaded trailer or maybe we might have a small shipment to drop off en route. Say if a man was dispatched from Memphis to Alexandria and he will be sent via Monroe and drop off a few thousand pounds of freight or something.”
The uncontroverted testimony of Pratt establishes the damage to his automobile *274 was caused by an object he saw several feet above the surface of the highway. This, he says, fell from the truck which was passing him at the time. However, his testimony indicates he did not actually see the object leaving the truck, but, as we appreciate it, reveals that he saw the object in the air instantly before it struck the front portion of his automobile. Pratt is corroborated as to the noise from the impact by the testimony of Bryan.
Faced with these established circumstances and being unable to present other proof as to the source of and identity of the thing that caused the damages, counsel for appellee has invoked the doctrine of res ipsa loquitur. This legal principle is a rul.e of evidence and has been held to have application where the plaintiff cannot be expected to have any information as to the causes of the accident, and the defendant, on the contrary, may be assumed to be fully informed on the subject. It is resorted to where the accident is of the kind which ordinarily does not occur when due care has been exercised, the rule of evidence being that the accident speaks for itself — res ipsa loquitur. This is to say, that á presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Lykiardopoulo v. New Orleans & C. R. Light & Power Company et al., 127 La. 309, 53 So. 575, 576 (1910).
In Davis v. Teche Lines, Inc., 200 La. 1, 7 So.2d 365, 367 (1942), the court commented :
“The rebuttable presumption or inference of negligence arising by virtue of the operation of this rule is predicated upon, and arises only in the absence of, an explanation by the defendant, but the presumption or inference is overcome and rebutted if the defendant’s explanation is sufficient to rebut the inference that he had failed to use due care. The burden or duty of explanation is not satisfactorily to account for the occurrence and to show the actual cause of the injury, but merely to rebut the inference that he had failed to use due care. 45 C.J. § 784, page 1222. It would be helpful, if the defendant could make the specific cause known, but in cases of this nature, where the cause is unknown to the defendant, it is sufficient explanation when the defendant shows that the occurrence did not result from his negligence or that he had used due care.
“No hard and fast rule can be set, for the reason that the explanation must be governed by the peculiar facts and circumstances of each case. * * ”
Counsel for appellants earnestly contend that plaintiff has failed to make out and establish his claim to a legal certainty and by a clear preponderance of the evidence. It is stressed that Pratt did not explain why the foreign object could not be found in a careful search of the highway and the shoulders at the scene of the accident; that he does not explain how such light a material as celotex could cause such extensive damage to the front of his car; and that there was no evidence of any paint chips or any residue of material on the grill or on the damaged parts. In considering these factors the inference is drawn that plaintiff’s insured did not sustain his damage from the celotex parts of letters. We are in accord with this view, but we think this finding is insufficient to exonerate the defendants. Pfatt did testify he saw the object in the air as the truck was passing and it caused the damage to his vehicle. The object could not have come from any other than the truck-trailer unit for there were no other motorists in the vicinity. It is, therefore, logical to deduce that the offending object came from the passing unit.
*275 The testimony, therefore, in our opinion, establishes that the object did come from the truck and trailer unit and accordingly the doctrine of res ipsa loquitur is of proper application, and the duty rested upon the appellants to purge themselves of negligence according to the rules of evidence as set forth in the above authorities. The rebutting evidence discloses no inspection was made of the empty trailer prior to Bryce’s departure with it for El Dorado. It is our finding, therefore, that appellants have failed to discharge the burden of proof resting upon them to show that the object which caused the accident did not become dislodged or disconnected from the truck and trailer unit, as a consequence of negligence on their part, and forasmuch as the uncontroverted testimony of Pratt established the object came from the truck, it follows as a logical inference that it must have been loosely attached to the unit, which, without proper explanation, implies negligence. Proof of loss having been made, the judgment from which appealed is affirmed at appellants’ cost.