141 So.2d 920 (1962)
Barbara Ann DEE, wife of/and Roger B. JACOBS
v.
Dr. Merrill C. BECK, Dr. Wilmer Baker, and Associates, Employers Liability Assurance Corp., Ltd., New Amsterdam Casualty Co.; Touro Infirmary; and The Liberty Mutual Insurance Co.
No. 614.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1962.
Tucker & Schoenekas, Gibson Tucker, Jr., New Orleans, for plaintiffs-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for defendants-appellees.
Before REGAN, SAMUEL and HALL, JJ.
SAMUEL, Judge.
Plaintiffs, husband and wife, filed this suit for damages for injuries to the wife's teeth which she sustained while under a general anesthetic at Touro Infirmary, a *921 hospital in the City of New Orleans. The defendants are the anesthetist, his associates, the hospital, their respective insurers, and the insurer of the surgeon who performed the operation. Liberty Mutual Insurance Company, the hospital's insurer, moved for a summary judgment which motion was supported with a copy of the insurance policy involved and an affidavit identifying the policy. The trial court made the rule absolute and rendered judgment in favor of mover and against the plaintiffs, dismissing the latters' suit as to the former. Plaintiffs have appealed from this judgment.
The petition alleges that at the time of the occurrence Mrs. Jacobs was 25 years of age and had normal teeth; that during the process of undergoing major abdominal surgery, while she was under a general anesthetic and under the complete control of the anesthetists, the operating surgeon and Touro, she suffered two broken upper teeth. The only allegations relative to the negligence which forms the basis of this suit are as follows:
"VI.
"That petitioner was under general anesthetics and in the complete control of Drs. Wilmer Baker and Associates; Dr. Zachery Wohl, and the Touro Infirmary and cannot, therefore, state exactly what their specific negligence was and, therefore, pleads res ipsa loquitur.
"VII.
"Petitioner believes and therefore avers that the said doctors and/or the Touro Infirmary failed to take the necessary precaution to prevent injury to her during the time she was under the said anesthetic and as a result of their inattention and lack of knowledge as to how a person would act while under the anesthetic, failed to prevent injury to her.
"VIII.
"That if the normal kind of treatment had been given to her by a person of competent training and ability that the injury would not have occurred."
In the alternative the petition also alleges laibility on the part of Touro resulting from a breach of its contract whereby, for the fees paid and received, the hospital was required to furnish Mrs. Jacobs expert treatment and supervision.
The insurance here involved is a comprehensive general liability policy which contains the following endorsement:
"EXCLUSION OF MALPRACTICE AND PROFESSIONAL SERVICES (FORM A)
"It is agreed that as respects any classification stated below or designated in the policy as subject to this endorsement, the policy does not apply to injury, sickness, disease, death or destruction due to
"1. the rendering of or failure to render
"(a) medical, surgical, dental, x-ray or nursing services or treatment, or the furnishing of food or beverages in connection therewith;
"(b) any service or treatment conducive to health or of a professional nature; or
"(c) any cosmetic or tonsorial service or treatment;
"2. the furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or
"3. the handling of or performing of autopsies on dead bodies."
Liberty Mutual contends that the case presents no issue of fact; that, accepting all of the allegations of the petition as true, the injury sued upon comes within the above quoted malpractice exclusion. Plaintiffs contend: (1) that the motion for summary judgment was improper and premature for the reason that the same cannot be filed by a defendant as an initial pleading; and (2) considering the petition in the light of the *922 policy there is a genuine issue of material fact.
Plaintiffs' first contention is without merit and is answered by LSA-Code of Civil Procedure Article 966 relative to the motion and procedure for summary judgment. After providing that the plaintiff may make the motion at any time after answer has been filed, it further provides that defendant's motion "* * * may be made at any time."
We are of the opinion that plaintiffs' second contention is well founded and that mover's contention is incorrect. A summary judgment is a final judgment having "* * * the same effect as if a trial had been had upon evidence regularly adduced." LSA-Code of Civil Procedure Art. 968. Accordingly, the mover for a summary judgment has the burden of clearly proving the absence of any genuine issue as to material fact and all reasonable doubts must be resolved against the mover. LSA-Code of Civil Procedure Art. 966; Evers v. Buxbaum, 102 U.S.App.D.C. 334, 253 F.2d 356; Wittlin v. Giacalone, 81 U.S.App.D.C. 20, 154 F.2d 20; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; 21 La.L.R. 209.
An injury of the type here involved normally does not occur in the absence of negligence, and the allegations reveal that an explanation of what actually happened was within the knowledge of the defendants alone and could not have been within the knowledge of plaintiffs. The doctrine of res ipsa loquitur is applicable. State Farm Mutual Auto Ins. Co. v. Herrin Transp. Co., La.App., 136 So.2d 272; Day v. National-U.S. Radiator Corporation, La.App., 117 So. 2d 104; New York Underwriters Ins. Co. v. B. H. Prewitt & Sons, La.App., 55 So.2d 303; Kieffer v. Larry & Katz, 219 La. 656, 53 So.2d 801.
While plaintiffs have made some attempt to allege specific acts of negligence which could be concerned only with malpractice, our law, contrary to the rule in some other jurisdictions, is to the effect that where the doctrine of res ipsa loquitur is applicable, allegation of specific acts of negligence does not deprive the plaintiff of the benefit of the doctrine; the defendant must rebut the inference of negligence arising from the doctrine and must also show that he was not guilty of specific acts of negligence when the plaintiff has offered evidence which, standing alone, would be sufficient to prove such acts. Pacific Fire Ins. Co. v. Eunice Motor Car Co., La.App., 47 So.2d 403; Levy v. Indemnity Ins. Co. of North America, La.App., 8 So.2d 774; Davis v. Teche Lines, 200 La. 1, 7 So.2d 365. A rule similar to res ipsa loquitur applies in malpractice cases in which the defendant must show that he possessed the required skill and competence and, in the particular case, used reasonable care and diligence together with his best judgment. Meyer v. St. Paul-Mercury Indemnity Co., 225 La. 618, 73 So.2d 781.
Many cases involving the malpractice exclusion in insurance policies, particularly where hospitals are concerned, are not only complex and difficult but are dependent upon their particular facts. Without more detailed and more certain knowledge of the facts and nature of the accident involved in the instant case we are unable to say that the injury resulted from the malpractice excluded from the policy. In addition, it is conceivable that the injury to Mrs. Jacobs could have been caused by acts of commission or omission by Touro of a nonmedical nature and having no relationship to malpractice. Mrs. Jacobs could have been allowed to fall, or been in some other similar type of accident, while being taken from the operating room. We realize that an accident of a non-medical nature is unlikely. But an opinion that a party is unlikely to prevail upon trial is not a sufficient basis for refusing him a trial on the merits.
We conclude that there remains a "genuine issue as to material facts" within the meaning of LSA-Code of Civil Procedure Art. 966.
*923 For the reasons assigned, the judgment appealed from is reversed and the case is remanded to the Civil District Court for the Parish of Orleans for further proceedings and for trial on the merits according to law, all costs to await a final determination.
Reversed and remanded.