REID, Judge.
This action is before this court on an appeal taken by the plaintiffs from a judgment of the Lower Court dismissing their suit.
Plaintiff, Mrs. Marie Stillwell in her petition alleges while shopping in a grocery store operated by Winn-Dixie Louisiana, Inc., in the City of Bogalusa, Louisiana on October 8, 1960, she removed a bottle of bleach from a shelf in the store; that as she stepped forward she was suddenly and violently thrown to the floor which fall was caused by acts of negligence on the part of the defendant, Winn-Dixie Louisiana, Inc., or its agents and employees in failing to remove leaves from vegetables dropped on the floor or by allowing grease or some other similar substance upon the floor of the premises so as to make the floor slick and cause a person to slip and fall. In their petition the plaintiffs also pleaded the doctrine of Res Ipsa Loquitur predicated on the basis defendant had the sole exclusive care and control of the building including the floor where Mrs. Stillwell fell and' defendant was the only person having specific information of any improper conditions.
The plaintiff, Malger M. Stillwell, husband of Mrs. Marie Stillwell, seeks to re *708 cover past medical expenses incurred by his wife and future anticipated medical expenses in the amount of $2671.08. Plaintiff, Mrs. Marie Stillwell, seeks to recover the sum of $10,000.00 for pain, suffering:, discomfort and disability. The Fidelity and Casualty Company of New York is the insurer of Winn-Dixie Louisiana, Inc. The answer, in the form of a general denial, the defendant affirmatively alleging the accident was caused solely by the negligence of the plaintiff, Mrs. Marie Stillwell.
From a judgment of the Lower Court rejecting their demands, plaintiff perfected this appeal.
Plaintiff, Mrs. Marie Stillwell could not testify as to the nature or the identity of the object upon which she slipped, relating only she slipped upon something and fell. When asked on cross-examination whether she had seen anything on the floor after her fall, other than the glass from the bottle of bleach which plaintiff dropped when she fell, answered: “No, I didn’t.” Mrs. Still-well was unable to testify as to the presence of any object on the floor at the time she fell nor was she able to testify as to any facts warranting a conclusion the floor was in a dangerous or slippery condition. Mrs. Stillwell could only testify as to the fact she slipped on something and fell, but as observed above she was unable to identify the object she allegedly slipped on.
Mr. Vaccarella, the Manager of the defendant’s store testified there was no produce kept in the aisle where Mrs. Stillwell fell; there were no objects or substances on the floor whatsoever other than the broken bottle of bleach and that the floor had been mopped and cleaned the night before. He further related the floor had dried from the previous night’s mopping and was in excellent condition. He added at the time of the accident, which was between 8:30 and 9 :00 A.M. the store had been open approximately two hours; that the store had not been crowded; that there were no greens on the floor at any time during the morning prior to the accident and that there was no grease in the aisle where Mrs. Stillwell fell.
Mr. Henry Ford, the Assistant Manager of Winn-Dixie Louisiana, Inc., testified when asked whether or not he had looked at the floor while Mrs. Stillwell was still on the floor, that he had and he had not seen any foreign objects. Mr. Ford further testified Mrs. Stillwell had told him after the accident she didn’t know what happened, she just fell.
John Turner, the porter, upon whose testimony plaintiffs heavily rely, testified there were greens on the floor in other places in the store, namely the produce aisle but this was not the aisle in which Mrs. Stillwell fell but would not state there were any greens in the aisle where the accident occurred. He further testified when asked whether or not he had seen some green leaves on the floor near the spot where the plaintiff fell he remembered seeing something green at the spot, but “I don’t know what it was, but it was something green.” However, earlier on cross-examination in response to the query: “Did you by any chance happen to notice whether or not there was any foreign objects on the floor around there such as turnip greens or mustard greens P ” answered, “Probably something was on the floor but I didn’t notice at that particular time because I was trying to get her to keep her from cutting herself on the jug.”
Plaintiffs failed to offer any evidence to contradict or rebut the testimony of the defendant’s witnesses other than the statement by John Turner, he saw something green on the floor and produced no affirmative evidence of any acts of negligence on the part of the defendant, Winn-Dixie Louisiana, Inc., or its agents and employees.
The Trial Judge in his reasons for judgment concluded Mrs. Stillwell had not seen anything on the floor and that there was no testimony in the record that any foreign object was present in the aisle. He further opined the testimony showed the floor was thoroughly mopped the night before the ac *709 cident; the store had been open only two hours at the time the accident happened and the aisle was not crowded with people. The Trial Judge found under the circumstances the controlling law in this state was that set forth by this court in Meyerer v. Kress et al., 89 So.2d 475, La.App.1956, wherein this court quoted in great detail with approval the case of Peters v. The Great Atlantic & Pacific Tea Company, 72 So.2d 562, La.App.1954, and that he further was of the opinion the Peters case was squarely in point and that plaintiffs had not made out a case. (See Lejeune v. Hartford Accident Indemnity Company, La.App., 136 So.2d 157, 3rd Circuit 1961, Certiorari denied March 16, 1962.)
With the Trial Judge’s findings we are in complete accord. This case fits squarely within the rule set forth by this Court in the Meyerer case wherein we held as follows:
“An award to the plaintiff could only be justified on an assumption by us that some substance was on the floor which caused her to slip. The evidence fails to reveal that in fact any such substance was present and for us to assume from the mere fact that she fell that one was present, would be improper and unwarranted.
“The jurisprudence of this state with reference to slip-down cases was thoroughly reviewed by the Second Circuit Court of Appeal of this state in the case of Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562, 564, and we quote with approval the jurisprudence as follows:
“[2] ‘Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonable safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
“[3] ‘He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App. 1947, 32 So.2d 508.
“[4] ‘His liability arises only when injuries are caused by his negligence: Bishop v. F. W. Woolworth & Co., La.App.1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“[5] ‘It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary cáre to keep aisles, passage ways, floors, and walks in a reasonably safe condition, and no presumption of fault of the store' keeper arises from the mere fact of injury to a customer. See: Bartell v. Serio, La.App.1938, 180 So. 460; Powell v. L. Feibleman & Co. Inc., La.App. 1939, 187 So. 130; Battles v. Wellan, *710 La.App.1940, 195 So. 663; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Lawson v. D. H. Holmes Co., La.App.1941, 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App.1941, 1 So.2d 345; Hays v. Maison Blanche Co., La.App.1947, 30 So.2d 225.’ ”
As to the question of the application of the doctrine of Res Ipsa Loquitur in cases similar to this the plaintiffs in their brief cite several cases which they contend makes the doctrine applicable. However, an examination of these cases discloses that they are not in point.
The case of Gillis v. The Great Atlantic & Pacific Tea Company, 95 So.2d 186, La.App.1957, does not involve a slip and fall case but deals with a loaded buggy which was placed on a slope in such a way it rolled down and struck the plaintiff. The main case upon which the plaintiffs apparently rely is Kieffer v. Larry & Katz et al., 46 So.2d 513, La.App.1950, wherein the Orleans Court of Appeal used language indicating it approved the Trial Judge’s holding that the doctrine of Res Ipsa Loquitur was applicable in cases such as this. However, the Supreme Court in its opinion, Kieffer v. Larry & Katz et al., 219 La. 656, 53 So.2d 801 observed that writs of certiorari were granted because the Supreme Court had been led to believe “that the doctrine of res ipsa loquitur had been injected during the trial and that the district judge had held that it was applicable tO' the case.” However, the Supreme Court found on review of the whole record in the Kieffer case at no time was the rule invoked nor did it see any reason why the doctrine should have been at issue in the Kieffer case as the case was decided purely on the proof of negligence of defendant and that the statement by the Trial Judge concerning the doctrine of Res Ipsa Loquitur was inadvertently made.
It is therefore clear from an examination of - the opinion of the Supreme Court the Kieffer case is not authority for the proposition the doctrine of Res Ipsa Loquitur is applicable in cases such as the one at issue.
Plaintiffs have failed to cite any authority whatsoever which would warrant the application of doctrine of Res Ipsa Loquitur in a case such as this and the plaintiffs have failed to sustain the burden of proof the accident was caused by the negligence of the defendant.
Therefore, according to the facts as set forth in the record and the jurisprudence it is clear that the judgment appealed from is correct and should be affirmed.
Affirmed.