424 So.2d 1192 (1982)
Annette RUFFIN
v.
TRAPP CHEVROLET INCORPORATED and Bellefonte Insurance Company.
No. 82 CA 0333.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Lawrence Arcell, New Orleans, for plaintiff and appellant.
Burt K. Carnahan, Metairie, for defendants and appellees.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This is an action ex delicto for a slip and fall. Plaintiffs, Annette Ruffin and Floyd *1193 Ruffin, sued Trapp Chevrolet, Inc. (Trapp) and Bellefonte Insurance Company for injuries Mrs. Ruffin sustained when she fell in Trapp's showroom at its automobile dealership in Houma. From judgment of the trial court in favor of defendants, dismissing plaintiff's suit, plaintiffs have appealed.

FACTS
The accident occurred on September 18, 1979. Mrs. Ruffin entered Trapp's showroom through a metal and glass door on the side of the building. She walked across a commercial-type mat that had been placed at the door, and as she stepped from the mat onto the showroom's terrazo floor, she fell suddenly, injuring her back.
Mrs. Ruffin's sister, Hallet Celestine, who was in Trapp's service department at the time, was called to the showroom. She testified that she did not remember the mat being present, but that she slipped during her first step through the door. Ms. Celestine caught her balance and did not fall. She testified also that she subsequently observed a Trapp employee wiping the floor area near the door with a rag or paper towel. Both Mrs. Ruffin and her sister testified that they did not observe any foreign substance on the floor, nor did they examine the floor to find out what caused Mrs. Ruffin's fall; however, Ms. Celestine testified that the floor felt "slippery" under her feet, and Mrs. Ruffin testified she felt something "like grease" under her feet.
No Trapp employees witnessed Mrs. Ruffin's fall; one, Neil Bordelon, helped Mrs. Ruffin regain her feet. Bordelon testified that he saw no foreign substances on the floor or the mat. Several other present and former employees of Trapp who were in the showroom at the time of the accident testified that they observed no foreign substances on the floor and did not see any person wiping the floor with a rag or paper towel. Nicholas Ledet, general manager and vice-president of Trapp, testified that a janitorial service cleaned the showroom premises six nights per week, and that another company replaced the doormat weekly. Ledet testified that any spills in the showroom during office hours were cleaned by Trapp personnel when they occurred.

TRIAL COURT
The trial court found that Mrs. Ruffin failed to prove the existence of any foreign substance on the floor which caused Mrs. Ruffin's fall, and accordingly dismissed plaintiff's suit at their costs.

SPECIFICATIONS OF ERROR
Plaintiffs argue on appeal that the trial court applied the wrong standard as to plaintiff's burden of proof in a slip and fall case; that plaintiff sustained her burden of proof, shifting to defendant the burden of demonstrating reasonable care; and that res ipsa loquitur should apply to the instant case.

LAW
The Ruffins assert that the plaintiff's burden in slip and fall cases is twofold; a plaintiff must prove that a hazardous condition existed and that such condition caused the fall and injury, citing Albritton v. J.C. Penney Company, Inc., 385 So.2d 549 (La. App. 3rd Cir.1980), writ den. 393 So.2d 727 (La.1980). Plaintiffs contend that they proved a hazardous condition existed which caused Mrs. Ruffin to fall.
Under Louisiana law, a storekeeper owes an affirmative duty to those who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a safe condition, which includes a duty to make reasonable efforts to keep objects off of the floor which might give rise to a slip and fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975). In Kavlich, supra, the Supreme Court held that upon a plaintiff's showing that there was a foreign substance on the floor which caused the fall and resulting injury, the burden of proof shifts to the defendant to produce evidence which would exculpate itself from the presumption of negligence.
Plaintiffs contend that they are not obliged to prove exactly what substance caused the slip, fall, and injury, citing Albritton, *1194 supra, and Hanzo v. Travelers Insurance Company, 357 So.2d 1346 (La.App. 4th Cir.1978). While we do not disagree with this contention, we are of the opinion that plaintiffs still have the burden of proving the existence of some foreign substance on the floor. Under Kavlich and Gonzales, supra, the presumption of defendant's negligence arises only upon a showing by the plaintiff that there was a foreign substance on the floor and that it caused the fall and injury. Such showing also would be necessary to meet the "hazardous condition" requirement of Albritton, supra, relied upon by plaintiffs.
We note that in Hanzo, supra, while the foreign substance on the floor was not precisely identified, the plaintiff testified that after his fall his hair, clothes, and hands were wet, and the trial court found as fact that the floor was "damp." In Albritton, the jury found as fact that the plaintiff had slipped on a tire valve stem. Thus, even the cases relied upon by plaintiffs entailed a showing that there was a foreign substance on the floor which caused the fall.
This court in Stillwell v. Winn-Dixie Hill, Inc., 146 So.2d 707 (La.App. 1st Cir. 1962) held that in the absence of testimony showing that there was a foreign substance on the floor, there was no basis on which the defendant storeowner could be held negligent. We are of the opinion that such a requirement has not been disposed of by the holdings of the Supreme Court in Kavlich and Gonzales, supra; in fact, such showing is requisite in establishing the presumption of negligence elucidated in those cases.
No witness at trial testified as to seeing any foreign substances on Trapp's showroom floor. The only circumstantial evidence in this regard was that of plaintiff and her sister, who stated that the floor felt slippery underfoot, and Ms. Celestine testified that she saw someone wiping the floor. All other witnesses, including Mrs. Ruffin, stated that they saw no one wiping the floor; however, even accepting Ms. Celestine's testimony at face value, same is not necessarily probative that there was a foreign substance on the floor. It is equally plausible, for example, that the person whom Ms. Celestine saw wiping the floor was attempting to remove a scuff mark from the terrazo tiles caused by Mrs. Ruffin's fall. Thus, in light of the scant evidence presented, the trial court did not err in holding that plaintiffs failed to prove the presence of a foreign substance on the floor. Inasmuch as no allegation has been made that the floor itself was excessively slippery, and no evidence has been adduced sufficient to prove the presence of a foreign substance thereupon, there is no basis for finding the defendants negligent.
Under these circumstances, the defendant's negligence cannot possibly be the most plausible explanation of the injury; thus, res ipsa loquitur is inapplicable, see Gonzales and Stillwell, supra.
In light of the above, we expressly pretermit discussion of exculpatory evidence introduced by the defendants.
Therefore, for the above and foregoing reasons, judgment of the trial court in favor of defendants, dismissing plaintiffs' suit, is hereby affirmed. All costs, both in this court and in the trial court, are assessed to plaintiffs-appellants, Annette Ruffin and Floyd Ruffin.
AFFIRMED.